**CYR et al. v. F. S. PAYNE CO.**
No. 92, Docket 22836.

United States Court of Appeals,
Second Circuit.

Argued Nov. 6, 1953.

Decided Dec. 8, 1953.

P. Corbin Kohn, Hartford, Conn. (Douglass B. Wright, Hartford, Conn., on the brief), for defendant-appellant.

David C. Bagley, Hartford, Conn. (Cornelius D. Shea, Harold K. Watrous, and Marshall S. Feingold, Hartford, Conn., on the brief), for plaintiffs-appellees.

Before CHASE, Chief Judge, CLARK, Circuit Judge, and BRENNAN, District Judge.

CLARK, Circuit Judge.

On November 28, 1950, plaintiff Cyr, in the course of his employment as a construction laborer, fell without fault on his part into an unguarded elevator shaft. The sole question presented on this appeal is whether there is evidence in the record to support the finding that defendant was responsible for the dangerous unguarded condition of the shaft. The court below awarded damages to Cyr and to the compensation insurer of his employer. D.C.Conn., 112 F.Supp. 526.

Defendant, F. S. Payne Company, at the time in question was engaged as a subcontractor installing elevators in a construction project on which Cyr was employed. It is undisputed that Cyr's employer, defendant's principal contractor, was responsible for providing and erecting barriers across openings into the elevator shaft in the first instance. Thereafter, by trade practice, any workmen removing barriers were under a duty to replace them. Two credible witnesses testified that when defendant's employees worked in the shaft they customarily took the barriers down; and one witness testified that no one but defendant's employees had occasion to work in the shaft or remove the barriers. There is evidence that at some time on the 27th, the day preceding the accident, the barriers were all properly in place; and defendant admits that on that day its employees were working in the area. On the 28th, at the time of the accident, the barrier was not in place.

Two witnesses stated that workmen were working in the bottom of the shaft on the afternoon of the 27th. The testimony of one is largely discredited by contrary statements in his deposition, taken six months before trial and two years after the accident. But that of the other might be found to come through unimpeached.

From these facts it might therefore be inferred that defendant's employees removed the barrier on the 27th and failed to replace it. We think that a *prima facie* case, even if a comparatively weak one, had been established.

Defendant makes much of a reference in the opinion below to the unfavorable inferences to be drawn from defendant's failure to produce rebutting evidence peculiarly within its control. A fair reading of Judge Smith's opinion shows, however, his full awareness of his duty to consider only plaintiff's evidence in determining whether a *prima facie* case had been presented and, after finding such a case, his freedom to consider these inferences in reaching his conclusion.

Affirmed.