SALVATORE PERRUCCIO ET AL. v. CAMILE NADEAU ET AL.

SUPERIOR COURT     TOLLAND COUNTY     FILE NO. 12140

Memorandum filed February 16, 1973

*King, DeBeau & Ryan,* of Rockville, for the named plaintiff.

*Courtney, Mansfield & Sullivan,* of West Hartford, for the intervening plaintiff Petroleum Contractors, Inc.

*Levine, Katz, Cohn, Goldstein & Epstein,* of Hartford, for the named defendant.

*Edward J. Daly, Jr.,* of Hartford, for the defendant Gulf Oil Corporation.

RUBINOW, J. The plaintiff Perruccio brought this action to recover damages for personal injuries allegedly caused by the negligence of the defendants. Thereafter, Perruccio's employer, Petroleum Contractors, Inc., hereinafter referred to as Petroleum, moved for and was granted permission to intervene as coplaintiff and to file an intervening complaint. In the intervening complaint, Petroleum alleged that it had paid workmen's compensation to Perruccio; in the prayer for relief, Petroleum claimed only that any damages "in said action [brought by Perruccio] shall be so paid and apportioned" that Petroleum will be reimbursed from them for the amounts that it has paid, and will be obligated to pay, to Perruccio. This prayer for relief establishes that the intervening complaint is clearly the one authorized by General Statutes § 31-293 and the Practice Book (Form 455).

Thereafter, the defendant Nadeau and the defendant Gulf Oil Corporation filed responsive pleadings to the intervening complaint. In the defendant Nadeau's third special defense, and in the defendant Gulf Oil Corporation's fourth special defense, those defendants alleged that Petroleum was con-

tributorily negligent in that an "agent or employee" of Petroleum named Durfey was negligent and his negligence was a substantial factor in causing "any injuries and damages alleged to have been sustained by the intervening plaintiff." Petroleum has demurred to both of these special defenses. Its claim is that any negligence of Durfey is irrelevant to Petroleum's claim to be reimbursed from Perruccio's verdict. The defendants claim that Petroleum is asserting "an independent right of action" to reimbursement for losses Petroleum sustained as a result of Perruccio's injuries and that Petroleum cannot prevail on that right of action if Petroleum is found to be contributorily negligent because of Durfey's negligence.

The question raised by these conflicting claims, i.e., does contributory negligence of an intervening plaintiff constitute a defense to an intervening complaint, has not been passed upon by our Supreme Court. In the Superior Court, however, there is a dictum to the effect that the employer's contributory negligence is not a defense: "The defenses available to the defendant would . . . be those only which would apply to the deceased employee. . . . Manifestly, negligence on the part of the employer—which is what is asserted in the proposed counterclaim—could not be urged either as a defense or in a cross complaint in a suit by the employee if living, or his representative—as here—after his death." *Kuznasoff* v. *Van Loan,* 10 Conn. Sup. 508, 511.

In the United States District Court for Connecticut, there is an opinion which discusses the relevant statute and *Pratt, Read & Co.* v. *New York, N.H. & H.R. Co.,* 102 Conn. 735, and reaches this conclusion: "Thus, the words of the statute seem to allow recovery by the employer regardless of its own concurrent negligence." *Cyr* v. *F. S. Payne Co.,* 112 F. Sup. 526, 531, aff'd, 208 F.2d 356. In the

same case, it is noted: "Authority in other states is split about two-to-one in favor of the view that the employer's concurrent negligence does not bar him from recovery via subrogation against the negligent third-party tort-feasor." Id., 532.

Also in the United States District Court for Connecticut is a relevant opinion, *Ranta* v. *Bethlehem Steel Corporation,* 287 F. Sup. 111. In that case, the third-party defendant filed a counterclaim against the intervening plaintiff, claiming that the latter's primary and active negligence was the cause of the employee's injuries and that the defendant's negligence, if any, was the secondary and passive cause. In ruling on the motion to strike this counterclaim, the court interpreted *Kuznasoff* v. *Van Loan,* supra, as a procedural, rather than a substantive, holding but nevertheless granted the motion to strike the counterclaim. The court's action in granting the motion was based on the premise that the Connecticut Workmen's Compensation Act "has terminated an employee's right to sue his employer for common law negligence." See General Statutes § 31-284 (a); cf. § 31-293a (motor vehicle insurance of owner-employer must provide coverage for employee negligently injuring fellow employee). On that premise, the court held that the employer could not be a joint tort-feasor with the third-party defendant and that the counterclaim did not state a good cause of action.

With respect to the general state of the authorities on the availability of the contributory negligence defense, the following has been written by a respected commentator: "If one follows to its logical conclusion the theory that the employer is really asserting only an assigned cause of action belonging to the employee, one may well hold, in accord with the majority view, that the employer's own negligence is of no relevance. On the other

hand, it is admittedly rather an odd spectacle to see a negligent employer reimbursing himself at the expense of a third party; and several courts have barred the employer's recovery on these facts. There is, however, one oversight in most of the latter cases: they have a tendency to speak of the 'employer's' negligence when what they really mean is the negligence of some co-employee of the injured employee. Once this is held firmly in mind, the picture changes in two ways. First, one's moral indignation evaporates, since one no longer has the prospect of a personally guilty plaintiff claiming damages. Second, it becomes even legally inaccurate to speak of the 'employer's' negligence in such circumstances, since the employer who assumes compensation coverage is in law not liable for the negligent harms wrought by one employee upon another. It is incorrect to say that the negligence of a co-employee is the employer's negligence, when the injured person is also an employee . . . . [I]n an action by the employer against . . . [a third party] . . . one cannot properly say that the injuries were in part imputable to the 'employer's' negligence, because vis-a-vis his [injured] employee . . . the employer is not vicariously liable for the [concurrent] negligence of . . . [a co-employee]. Accordingly, the better view seems to be that the employer should not be barred by a defense of concurring negligence, when the negligence is only that of a co-employee. On the other hand, if the employer's negligence was not based on vicarious liability, but was direct and personal, the employer's suit could be barred in those jurisdictions which use the concept of 'subrogation,' on the general equitable subrogation principle that the subrogee must not himself be at fault or guilty of contributing to the loss on which he sues." 2 Larson, Workmen's Compensation § 75.23.

Thus, both text-writer reasoning and local decisions support the view that the vicarious contributory negligence of the employer is not a valid defense to the employer's action for reimbursement.

There is a further consideration. If the vicarious contributory negligence defense were permitted to stand, it would be possible for Perruccio to prevail on his complaint while Petroleum lost on its intervening complaint (i.e. on the contributory negligence defense). This eventuality would mean that Perruccio would have a double recovery (i.e. both workmen's compensation and a verdict not subject to apportionment) even though the employer filed the intervening complaint authorized by General Statutes § 31-293. Such a double recovery would violate the public policy against double compensation implicit in that statute. See *Sears, Roebuck & Co.* v. *Bree,* 4 Conn. Sup. 1, 5.

On the previous cited authorities and the foregoing policy consideration, Petroleum's demurrer to the third special defense of the defendant Nadeau and Petroleum's demurrer to the fourth special defense of the defendant Gulf Oil Corporation are sustained.