### A. A. EQUIPMENT, INC. *v.* FARMOIL, INC.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 174127

Memorandum filed January 7, 1974

*Day, Berry & Howard,* of Hartford, for the plaintiff.

*Regnier, Moller & Taylor,* of Hartford, for the defendant.

ALEXANDER, J. In a companion case, Nathan B. Hale has sued the plaintiff in this present case, A. A. Equipment, Inc., hereinafter referred to as Equipment. Hale's cause of action is based on his claim that Equipment negligently repaired a buffing machine for his employer, Farmoil, Inc., the defendant in this case. Hale alleges that while he was using the machine, it caused him personal injuries because of the negligent manner in which Equipment had made the repairs.

In this action, which is in the nature of a third-party action, Equipment claims that Farmoil, as Hale's employer, acted negligently in permitting him to use the machine. It is Equipment's position that if it is found liable in Hale's action against it, it is entitled to contribution from Farmoil, whose negligence was "primary and active." By the latter allegation, the plaintiff presumably seeks to avoid, under the doctrine enunciated in such cases as *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, and *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, the consequences of the rule that there is no contribution between joint tort-feasors.

Farmoil now claims judgment on the basis of its special defense to the effect that as an employer of Hale it is insulated by virtue of the Workmen's Compensation Act from any liability in a suit by Equipment. Farmoil claims that its liability arising out of any injury incurred by its employee is limited to that imposed by the act and that, if recovery is permitted in this case, it would be paying to its employee, indirectly, more than the act requires of it.

This issue is one of first impression in this jurisdiction. It has, however, been the subject of considerable litigation elsewhere. It is, according to 2 Larson, Workmen's Compensation Law § 76.10, "the most evenly-balanced controversy in all of compensation law."

The majority rule is stated in 2 Larson, op. cit. § 76: "Third Party's Action Over Against Negligent Employer. When the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer, contribution is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care; but the case is much less clear, and has produced a sharp split of opinion, when it rests upon the theory that a 'primary' wrongdoer impliedly promises to indemnify a 'secondary' wrongdoer."

Most cases adopt the view that the compensation act is the "exclusive remedy" available against an employer and restricts his liability accordingly. This attitude finds justification in the fact that he has lost his common-law defenses as against his employees and should therefore gain the compensating right to a more restricted exposure and liability. Further, the employer is not jointly liable to the employee in tort; therefore he cannot be a joint

tort-feasor. 2 Larson, op. cit. § 76.21. For the minority view, see *Dole* v. *Dow Chemical Co.,* 30 N.Y.2d 143, 152. Larson also notes that for a time the federal cases took widely differing views. Larson, op. cit. § 76.22. The matter was, however, at last resolved in favor of the majority rule in *Halcyon Lines* v. *Haenn Ship Ceiling & Refitting Corporation,* 342 U.S. 282. In that case the Supreme Court opinion states (p. 285), as part of its reasoning for adopting the majority rule: "In the absence of legislation, courts . . . have generally held that they cannot on their own initiative create an enforceable right of contribution as between joint tortfeasors. This judicial attitude has provoked protest on the ground that it is inequitable to compel one tort-feasor to bear the entire burden of a loss which has been caused in part by the negligence of someone else. Others have defended the policy . . . in refusing to fashion rules of contribution." The court then went on to say that the matter should best be left for legislative action.

Adopting the majority rule, this issue is found in favor of the defendant. Because of the view taken as to this question, it is not necessary to discuss the defendant's second ground.

The defendant's motion for summary judgment is granted.