MICHAEL MELESKO *v.* JOHN RILEY ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 189664

*Garrity, Walsh & Diana,* for the plaintiff.

*Regnier, Moller & Taylor,* for the named defendant.

*Kenny & Brimmer,* for the defendant Allstate Insurance Company.

*Schatz, Weinstein & Seltzer,* for the defendant Lumbermens Mutual Casualty Company.

ALEXANDER, J. This demurrer is based on two grounds: (1) The failure of the plaintiff passenger to use a seat belt could not, as a matter of law, have caused the accident; and (2) contributory negligence is no longer a defense to an action based on negligence.

## I

As to the first ground, there have been a number of decisions at the trial court level. For the purposes of this demurrer, the reasoning and result in *Brown* v. *Case,* 31 Conn. Sup. 207 are adopted. Particularly pertinent is the observation made in that case that, to have the effect of defeating the action, the alleged contributory negligence must be an act or omission which contributes to the happening of the event; and that an act or omission that merely increases or adds to the extent of the loss or injury will not have that effect. The court cited *Mahoney* v. *Beatman,* 110 Conn. 184, 196 and *Smithwick* v. *Hall & Upson Co.,* 59 Conn. 261, 271. In this instance, it is felt that the failure to use the seat belt could not, as a matter of law, contribute to the happening of the accident and is not therefore a valid ground of special defense.

## II

It remains to decide whether General Statutes § 52-572h (the Comparative Negligence Act) affects

the conclusion reached in this opinion. It is necessary to consider that question because the accident in this case occurred subsequent to the effective date of the act. The central purpose of the act is to remove the former rule under which contributory negligence could act as a complete defense and to replace that rule with a rule under which contributory negligence merely operates to diminish the recovery of damages in proportion to the percentage of negligence attributable to the person recovering. The Comparative Negligence Act does not purport to alter the Connecticut doctrine as to proximate cause. The new act contains no explicit provision changing the rule as to causation, nor does it do so by implication. It is concluded, therefore, that the present rule as expressed in *Mahoney* v. *Beatman,* supra, remains unchanged. That construction accords with the rule of construction that a statute which is in derogation of the common law should be strictly construed. *Stoll* v. *Judd Co.,* 106 Conn. 551.

It is recognized that a different view on the issue of seat belts obtains in Wisconsin, whose Comparative Negligence Act is similar to Connecticut's. See Heft and Heft, Comparative Negligence Manual § 1.240, citing *Bentzler* v. *Braun,* 34 Wis. 2d 362. As previously stated, it is felt, however, that General Statutes § 52-572h does not alter the Connecticut rule in that regard.

The demurrer is sustained for the reasons stated above.