John CIRRITO, Plaintiff,

Newark Paperboard Company, Connecticut Paperboard Corporation Division, Intervening Plaintiff,

v.

CONTINENTAL CAN COMPANY, INC. and ACO Machinery Corporation, Defendants.

Civ. No. H–77–308.

United States District Court, D. Connecticut.

July 30, 1981.

Juri E. Taalman, Brown, Jacobson, Jewett & Laudone, Norwich, Conn., for defendant, ACO Machinery Corporation.

Janet E. Burlingame, East Hartford, Conn., for intervening plaintiff, Newark Paperboard Co.

## RULING ON MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

CLARIE, Chief Judge.

The intervening plaintiff, Newark Paper Company, Connecticut Paperboard Corporation Division (Connecticut Paperboard) has moved to dismiss the third special defense of the defendant, ACO Machinery Corporation (ACO). That defense asserts that the injuries allegedly sustained by the plaintiff Cirrito were due to the negligence of his employer, Connecticut Paperboard. The intervenor-employer argues that such an assertion is barred by a section of the Connecticut Workmen's Compensation Act. The Court finds ACO's third special defense is permissible under the law applicable in this case and the motion is accordingly denied.

### Jurisdiction

The Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332.

### Facts

The intervening plaintiff, Connecticut Paperboard, alleges that the original plaintiff, Cirrito, as one of its employees, suffered extensive injuries while he was oper-

ating a "paper rewinder" in its plant. This latter piece of machinery, according to the intervenor, was designed, manufactured, and sold by the defendant ACO. Said intervenor claims that the plaintiff's injuries were due, at least in part, to the negligence of the defendant ACO. As a result of the plaintiff's injuries, the intervenor-employer has allegedly paid compensation to Cirrito for medical care, as required by Connecticut's Workmen's Compensation statutes. Connecticut Paperboard has intervened in this action in an effort to obtain reimbursement to the extent of its Workmen's Compensation obligations.

ACO's answer to the intervenor's complaint alleges, in the third special defense, that Connecticut Paperboard's damages were proximately caused by its own negligence. Such a special defense, ACO claims, is not barred by statute since the employer's negligence is direct and personal. Connecticut Paperboard disagrees, arguing that an employer's negligence does not preclude reimbursement of its compensation payments.

### Discussion of the Law

The applicable statutes in this case are Conn.Gen.Stat. §§ 31–284(a) and 31–293. Section 31–284(a) provides, in part, that

"An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment ... but an employer shall secure compensation for his employees .... All rights and claims between employer and employees ... are abolished other than rights and claims given by this chapter...."

This section outlines the operating principles of a Workmen's Compensation scheme, but it does not delimit the rights of third parties, such as defendant ACO. Section 31–293, however, does address the third-party issue. That section states, in substance, that an injured employee may claim compensation as provided in Chapter 568, "but the payment or award of compensation shall not affect the claim or right of action of such injured employee" against some person other than the employer who may be liable to the employee. The statute further provides:

"In any case in which an employee brings an action against a third party in accordance with the provisions of this section, and the employer is a party defendant in such action, the employer may join as a party plaintiff in such action .... If such employer and employee join as parties plaintiff in such action and any damages are recovered, such damages shall be so apportioned that the claim of the employer ... shall take precedence over that of the injured employee in the proceeds of such recovery .... If the damages, after deducting the employee's expenses ... are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim, and the excess shall be assessed in favor of the injured employee." Conn.Gen.Stat. § 31–293.

It is apparent that neither of these statutes directly bars the maintenance of a third-party special defense which asserts the negligence of an intervening employer. In the absence of statutory approval or rejection of the defendant's claim, this Court must look to the rules of decision in civil actions in the State of Connecticut. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 464, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). The Court has been directed to but a single Connecticut case which addresses the issue at bar. In that case, *Perruccio v. Nadeau*, 30 Conn.Supp. 126, 304 A.2d 225 (Super.Ct.1973), the court held that the "vicarious contributory negligence of the employer is not a valid defense to the employer's action for reimbursement." *Id.* at 131, 304 A.2d 225. This decision reflects the holding of a prior decision of this Court, *Cyr v. F. S. Payne Co.*, 112 F.Supp. 526, 530 (D.Conn.), *aff'd on other grounds*, 208 F.2d 356 (2d Cir. 1953). *Cyr* and *Perruccio* were followed by this Court in the case of *Costa v. General Electric Company, Inc.*, No. N–76–22 (D.Conn. Mar. 18, 1978). The remaining cases cited by the intervenor address

unrelated issues: each of them involves an effort by the third party to obtain contribution or indemnification from the employer. *A-Lined Handling Systems v. United Technologies Corp.*, No. 214739 (Super.Ct.1980); *Genotti v. Alco-Aire, Inc.*, No. 205018 (Super.Ct.1979); *Mancini v. Hazeletti Strip Casting Corp.*, No. 39598 (Super.Ct.1978); *A. A. Equipment, Inc. v. Farmoil, Inc.*, 31 Conn.Supp. 322, 330 A.2d 99 (Super.Ct. 1974).

■ It is clear that a third party should not be permitted to raise the issue of employer negligence in a suit or counterclaim for indemnification or contribution against the employer. Such a suit or counterclaim, if permitted, could result in increased liability on the part of the employer, over and above its statutorily imposed Workmen's Compensation liability. Such a result would be in direct conflict with the statutory goal of placing a ceiling on employer liability.

■ However, the case before the Court is not one for indemnification or contribution. If the third party's special defense is permitted to stand, the employer might eventually be subjected to limited reimbursement, but its liability will not be increased beyond the statutory ceiling, regardless of its negligence. Thus, the Court need only examine the cases of *Cyr v. F. S. Payne*, 112 F.Supp. 526 (D.Conn.1953), *Perruccio v. Nadeau*, 30 Conn.Supp. 126, 304 A.2d 225 (Super.Ct.1973), and *Costa v. General Electric Company, Inc.*, No. N–76–22 (D.Conn. Mar. 18, 1978).

In determining the applicable Connecticut law, the Court looks first to pronouncements by the state's highest court. The Connecticut Supreme Court, however, has not been confronted with the issue which is now before this Court. The lower court ruling in *Perruccio* should be accorded some weight, but that decision is not controlling where the Connecticut Supreme Court has not spoken on the point. *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). A decision by this Court is necessary for the ultimate rendition of judgment in the instant case, *Meredith v. Winter Haven*, 320 U.S. 228, 234–35, 64 S.Ct. 7, 10–11, 88 L.Ed. 9 (1943), and the Court must therefore rule as would the Connecticut Supreme Court, were they to pass upon this issue. *Cooper v. American Airlines, Inc.*, 149 F.2d 355, 359 (2d Cir. 1945).

This Court has reached a different result than did the Superior Court in *Perruccio*, because of a significant change in Connecticut's statutory law. In 1973, Connecticut adopted a comparative negligence statute, Conn.Gen.Stat. § 52–572h. This statute permits recovery by a plaintiff whose negligence is "not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering." Thus, the unrelievedly harsh rule regarding contributory negligence has been significantly mitigated by a basic change in the law of negligence. *See Messina v. Iannucci*, 174 Conn. 275, 278, 386 A.2d 241 (1978) ("even the *slightest degree of contributory negligence* on the part of [the plaintiff], which is a substantial factor in producing his injuries and losses, bars him from recovering money damage from [the defendant]." (emphasis in original)). *Cyr, Costa*, and especially *Perruccio* must be re-examined in light of the potential application of the comparative negligence statute to an employer's intervention under Conn.Gen.Stat. § 31–293.

In *Perruccio v. Nadeau*, 30 Conn.Supp. 126, 304 A.2d 225 (Super.Ct.1973), the court noted, first, that there need be no inquiry into the employer's negligence, because it is usually not the employer, but rather a co-employee, who has been the cause of the plaintiff's injury. It may be stated, in reply, that in this case the third party has alleged that the employer, itself, is directly negligent and that no co-employee was involved. Further, there is an evanescence to the employer/co-employee distinction which is revealed by close examination. It may frequently be the case that a co-employee's negligence could be financially beneficial to an employer. If such is the case, an em-

ployer might give tacit approval to such conduct, whether the negligence is disregard for safety rules, careless handling of equipment, or some other deficiency. In those cases where the co-employee is truly acting independently from an employer, the Workmen's Compensation statute has provided a special kind of all-inclusive protection. Conn.Gen.Stat. §§ 31–284(a), –293a. Thus, the employer/co-employee distinction emerges as an untenable nicety.

The second point relied upon in *Perruccio* was that an employer's negligence is irrelevant, because he is in law not liable for negligent harms wrought by one employee upon another. This point is inapplicable as well, since there is no question regarding the employer's further liability in this case beyond the Workmen's Compensation limitations. That is, the Court is not suggesting that the employer is, or should be, open to any greater exposure than that ceiling which has already been imposed by the Workmen's Compensation Act. The only question presented in the motion is whether the employer's requested reimbursement could be reduced if he were found to be negligent.

The third point in *Perruccio* was the Court's attention to the employer's statutory right to intervene. The Court suggested that permitting the third party to allege the employer's negligence could interfere with that statutory right. It does not follow, however, that a statutory right to intervene is the equivalent of a statutory right to full reimbursement, regardless of fault. The present ruling establishes, only, that the amount of the employer's reimbursement must reflect the percentage of comparative negligence, when that question is placed in issue in a third party action. It is suggested that the point regarding interference with the right of intervention appeared in the *Perruccio* ruling as a result of the old, harsh rule of contributory negligence. Under that rule, even the slightest degree of employer negligence would have completely barred the employer from any reimbursement. The ruling in *Perruccio* was filed on February 16, 1973, some four months before the comparative negligence statute was approved. Thus, the severe, contributory negligence rule controlled in *Perruccio*. Similarly, the decision in *Cyr v. F. S. Payne Co.*, 112 F.Supp. 526 (D.Conn.1953) was filed when Connecticut law did not embody a comparative negligence rule.

A more recent review of this question appeared in *Costa v. General Electric Company, Inc.*, No. N–76–22 (D.Conn. Mar. 18, 1978). In that case, the Court relied heavily on *Cyr* and *Perruccio* in determining that a third party should not be allowed to assert employer negligence. The Court noted that the Workmen's Compensation area was controlled by the legislature with particularity. The problem before this Court arises infrequently, as is apparent from the limited authority on point. The statutes at issue have not been refined by the legislature since 1967, some six years before the comparative negligence statute came into existence. Little of substance may be attributed to legislative inaction regarding the question at bar. The Court in *Costa* noted, but did not explore, the effect of comparative negligence principles on the issue now before the Court. See *Costa v. General Electric Company, Inc.*, No. 76–22, at 8–9 (D.Conn. Mar. 18, 1978). Connecticut's comparative negligence statute was enacted subsequent to any state court ruling on the issue at bar. The Court finds, therefore, that the statute must be examined to determine whether it may affect employer intervention under Conn.Gen.Stat. § 31–293.

An instructive examination of the comparative negligence statute was provided in an article by the eminent Professor James in which he summarized the principle of comparative negligence in an effort to diminish a plaintiff's recovery, according to a statutory formula, to the extent that that party was negligent. James, *Connecticut's Comparative Negligence Statute: An Analysis of Some Problems*, 6 Conn.L.Rev. 207, 211 (1973) (hereinafter cited as James Article). *See also Melesko v. Riley*, 32 Conn. Supp. 89, 91, 339 A.2d 479 (Super.Ct.1975). Professor James and other commentators noted that a primary goal of the comparative negligence statute was the correction

of the harsh contributory negligence rule. Satter, *Changing Roles of Courts and Legislatures*, 11 Conn.L.Rev. 230, 236–37 (1979) ("The defense of contributory negligence . . . long troubled trial judges. With varying degrees of sincerity, the trial courts instructed juries on the rule . . . In 1972 the Connecticut legislature took special delight in substantially getting 'rid of this horrendous doctrine'" (quoting remarks of State Rep. Herbert Camp on Conn.House Bill 5479, 15 Conn.H.R.Proc., pt. 5, 1972 Sess. 2013–14 (Apr. 12, 1972)). The legislature has continued apace in expanding the application of the comparative negligence doctrine. *See, e. g.*, An Act Concerning Product Liability Actions, Pub.Act No. 79–483, § 4(a), 1979 Conn.Pub.Acts 483 (this section, using language apparently drawn from the Uniform Comparative Fault Act § 1(b) (Draft Apr. 8, 1977), applies comparative negligence principles to product liability actions). The question before the Court is whether it is appropriate to apply comparative negligence principles to actions brought by intervening employers.

One commentator has noted that there are some gaps created (or left) by the comparative negligence statute which could permit some parties to reap "undeserved benefits [which are] clearly not within the contemplation of the comparative negligence rule." Saden, *Comparative Negligence Adopted in Connecticut*, 47 Conn.B.J. 416, 432 (1973). Professor James, however, argues that a careful reading of the statute can reveal that it has a very broad application and may not need amending in order to prevent the award of "undeserved benefits." The statute applies, by its terms, to the negligent actions of "the person or persons against whom recovery is sought . . . ." Conn.Gen.Stat. § 52–572h. A cursory reading of this provision seems to exclude intervening plaintiff-employers, since no recovery can be sought against them by either the employee-plaintiff or the third party-defendant. However, Professor James demonstrates that this language includes, not only named defendants, but also those individuals who cannot be identified or who have settled with the plaintiff. "In a sense, recovery has been sought against all of such persons." James Article at 219–21. In a sense, too, recovery has been sought against the plaintiff's employer in that the employee pursued a Workmen's Compensation claim against the employer. This reading results in no conflict with the reimbursement priority provision of Conn. Gen.Stat. § 31–293 which states "If the damages, after deducting the employee's expenses . . ., are more than sufficient to reimburse the employer, damages shall be assessed in his favor in a sum sufficient to reimburse him for his claim. . . ." There is no conflict because, under this Court's ruling, the negligence of the employer, if any, would operate to reduce the percentage of the damages available for reimbursement *before* distribution is made to the parties.[1]

The motion before the Court involves the permissibility of third-party allegations that an intervening employer was negligent. The Court finds it necessary to examine the potential consequences of permitting such assertions precedent to ruling on the motion. This examination is necessitated, in part, by the need to distinguish third-party special defenses from third-party counterclaims and separate suits for contribution or indemnity. As has been made clear, third parties may not seek contribution or indemnity from employers who operate under the Workmen's Compensation statutes. The remaining question, then, is how the policies of the comparative negligence statute can be made compatible with the strictures of third-party suits filed pursuant to the Workmen's Compensation statute.[2]

---

[1.] The Court notes, as well, that neither the statute, nor any case authority, indicate that "a sum *sufficient*" to reimburse the employer necessarily means *full* reimbursement of all Workmen's Compensation payments. The proposed decision indicates that there is *sufficient* reimbursement when the employer's recovery reflects his negligence. Thus, the Workmen's Compensation statute, which focuses primarily on the right to intervene and the employer's priority rights, is unaltered by this decision.

[2.] The awkward fit between these two sets of principles is not the result of today's ruling. As was indicated, *supra*, the relationship be-

The following approach should permit the policies of the comparative negligence statute to coincide with the goals of third-party Workmen's Compensation suits:

(1) The negligence of the employer may be asserted and established by the third party.[3]

(2) If there is any recovery from the third party, but the employer is found to have been negligent, the employer's reimbursement claim must reflect, and therefore be diminished by, the percentage of the employer's negligence.

This formula creates a more complex situation than existed when the contributory negligence rule led to a bar of allegations of employer negligence. This slightly greater complexity, however, should not militate against the correction of a long-standing injustice.

"Connecticut's comparative negligence statute has created problems that did not exist under the former, simpler rule that *any* contributory negligence barred all recovery from a defendant who negligently caused injury. These problems are soluble, however, and represent a small price for the removal of one of the glaring injustices in the law of negligence." James Article at 226.

A final point should be made: the Connecticut Superior Court, in *Perruccio*, expressed some concern that any reduction in the employer's reimbursement could result in double recovery to the employee. This problem is mitigated by the application of comparative negligence principles; as a result of this ruling, responsibility will be allocated among the parties. There will be no windfall to culpable employers, and non-negligent employers may obtain full reimbursement, if the factual circumstances so warrant. Certainly, the specter of double recovery to an injured employee should not loom so large that it overshadows the injustice of providing a full reimbursement to culpable employers.

The intervening plaintiff's motion is denied.

SO ORDERED.

---

tween third-party Workmen's Compensation suits and common law tort doctrine was far more uncomfortable and unjust when the old, contributory negligence rule controlled. The Court's decision is designed to ameliorate that pre-existing problem.

**3.** This assertion of negligence may not result in exposing the employer to any additional payment to any party, *beyond the obligation already incurred under the Workmen's Compensation statute.*