FREDERICK S. DESANTIS *v.* JOHN GAUDIOSO

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 57094
WATERBURY

Memorandum filed December 13, 1983

*Voog, Simmons & Voog,* for the plaintiff.

*Gillooly, McGrail & Carroll,* for the defendant.

*Roushon & Hebert,* for the intervening plaintiff, Superior Homes, Inc.

WALSH, J. The plaintiff, Frederick S. DeSantis, was injured while in the course of employment when a ditch in which he was working collapsed. He was compensated for those injuries by his employer, Superior

Homes, Inc. (Superior), under the workers' compensation act. The plaintiff now sues the defendant, John Gaudioso, alleging that the ditch collapsed because of the defendant's negligence. Superior has intervened pursuant to General Statutes § 31-293 to recover from the defendant sums paid or which it will become obligated to pay the plaintiff under the workers' compensation act. In his answer to the intervening complaint, the defendant raises the special defense that the plaintiff's injury occurred because of Superior's negligence. Superior moves to strike this special defense contending that comparative negligence cannot be asserted against an intervening employer under General Statutes § 31-293.

The workers' compensation act exists to compensate employees for injuries arising out of and in the course of employment through a guaranteed, fixed schedule recovery system. *Klapproth* v. *Turner,* 156 Conn. 276, 279, 240 A.2d 886 (1968). Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount. General Statutes § 31-284; *Jett* v. *Dunlap,* 179 Conn. 215, 217, 425 A.2d 1263 (1979).

Under General Statutes § 31-293, both the employee and the employer can bring an action at law against a third party who is allegedly responsible for the employee's injuries. Such an action allows the employee to obtain a full common law recovery against the third party who is not subject to the benefits and burdens of the workers' compensation system, while simultaneously allowing the employer, who has been forced to bear the cost of the third party's activity, to be reimbursed. *Lambertson* v. *Cincinnati Corporation,* 312 Minn. 114, 121, 257 N.W.2d 679 (1977); see generally annot., 100 A.L.R.3d 350.

The employer's substantive right to reimbursement under § 31-293 is in effect "one of subrogation to the right of the injured employee to recover for the tort committed against him." *Stavola* v. *Palmer,* 136 Conn. 670, 677, 73 A.2d 831 (1950). The employer's rights under the statute derive from and depend on the employee's rights; the employer has no cause of action unless the employee would have a cause of action against the third party. Id., 678. *Mickel* v. *New England Coal & Coke Co.,* 132 Conn. 671, 678, 47 A.2d 187 (1946). If the employer and employee join as parties plaintiff, any damages recovered shall be first apportioned in order to satisfy the employer's claim for reimbursement; the remainder of the award will then be apportioned to the employee's claim for damages. General Statutes § 31-293. During the trial, "the jury should not be told the amount of the employer's obligation for workers' compensation. The jury returns a verdict for the amount of damages to which they find the employee is entitled, and thereafter the court apportions that to the employer and the employee." *Stavola* v. *Palmer,* supra, 679.

In *Perruccio* v. *Nadeau,* 30 Conn. Sup. 126, 131, 304 A.2d 225 (1973), the court held that "the vicarious contributory negligence of the employer is not a valid defense to the employer's action for reimbursement." The court was concerned that the employee might gain a double recovery, which is prohibited, if the defense successfully barred the employer from seeking reimbursement. Contra *Cirrito* v. *Continental Can Co.,* 519 F. Sup. 638 (D. Conn. 1981) (holding that the employer's negligence could be asserted and used to reduce the amount of the employer's reimbursement by the percentage of the employer's negligence). The *Cirrito* court reasoned that the policies behind the comparative negligence statute (§ 52-572h) in conjunction with § 31-293 required such a result.

It is submitted that *Cirrito* represents a more equitable and better reasoned result. If the employer's reimbursement is not reduced to reflect his percentage of negligence, the third party, in effect, "is forced to subsidize a workers' compensation system in a proportion greater than his own fault and at a financial level far in excess of the workers' compensation schedule." *Lambertson* v. *Cincinnati Corporation*, supra, 120.

It is submitted that it is contrary to public policy to allow an employer to commit negligence with absolute impunity by forcing a third party to bear the full cost of a common law judgment, despite the possibly greater fault on the part of the employer. *Witt* v. *Jackson*, 57 Cal. 2d 57, 72, 366 P.2d 641, 17 Cal. Rptr. 369 (1961); *Liberty Mutual Ins. Co.* v. *Adams*, 91 Idaho 151, 156–57, 417 P.2d 417 (1966). "It does not follow . . . that a statutory right to intervene is the equivalent of a statutory right to full reimbursement, regardless of fault." *Cirrito* v. *Continental Can Co.*, supra, 641. The intervening employer's right to intervene does not extinguish any defenses that are available to the third party tortfeasor. "[W]hether an action is brought by the employer or the employee, the third party tortfeasor should be able to invoke the concurrent negligence of the employer to [reduce] its right to reimbursement, since, in either event, the action is brought for the benefit of the employer to the extent that compensation benefits have been paid to the employee." *Witt* v. *Jackson*, supra, 71; *Cirrito* v. *Continental Can Co.*, supra, 641. This result appears to accord with the Connecticut Supreme Court's interpretation of General Statutes § 31-293: "If the right of a compensation payer to recover from a third party tort feasor rests upon principles of subrogation at all, it is upon the theory that he has satisfied an obligation to his employee [that] was *primarily* the obligation of the tort feasor." (Emphasis added.) *Stavola* v. *Palmer*, supra, 677.

It is submitted that allowing the third party tortfeasor to assert the intervening employer's negligence as a defense to reduce the employer's reimbursement will not violate Connecticut's prohibition against contribution between joint tortfeasors. *Therrien* v. *Safeguard Mfg. Co.,* 180 Conn. 91, 95, 429 A.2d 808 (1980); *Gomeau* v. *Forrest,* 176 Conn. 523, 524–25, 409 A.2d 1006 (1979). While the California courts have interpreted such a defense as an attempt to secure contribution from a joint tortfeasor; *Witt* v. *Jackson,* supra, 69–70; *Associated Construction & Engineering Co.* v. *Workers' Compensation Appeals Board,* 22 Cal. 3d 829, 841, 587 P.2d 684, 150 Cal. Rptr. 888 (1978); such an interpretation overlooks the technical meanings of both contribution and joint tortfeasor.

"As applied to the law of torts, contribution distributes the amount of damages paid to the plaintiff among the tort-feasors by requiring each to pay his proportionate share." 1 Dooley, Modern Tort Law (Rev. 1982) § 26.20; *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 412, 207 A.2d 732 (1965). In this case, the defendant tortfeasor does not seek a positive recovery from the employer, but rather a reduction of the employer's recovery for reimbursement. "If the . . . special defense is permitted to stand, the employer might eventually be subjected to limited reimbursement, but its liability will not be increased beyond the statutory ceiling, regardless of its negligence." *Cirrito* v. *Continental Can Co.,* supra, 640. Thus, it is submitted that in no way can the defendant be said to be seeking "contribution" from the employer, Superior. *Pacheco* v. *Hilo Electric Light Co.,* 520 P.2d 62, 65–66 n.6 (Hawaii 1974); *Tucker* v. *Union Oil Co. of California,* 100 Idaho 590, 598–99, 603 P.2d 156 (1979).

Likewise, Superior cannot be considered a joint tortfeasor with the defendant. "The ground is a simple one: the employer is not jointly liable to the employee in tort;

therefore he cannot be a joint tortfeasor. The liability that rests upon the employer is an absolute [statutory] liability irrespective of negligence." 2A Larson, Workmen's Compensation § 76.20; *A. A. Equipment, Inc.* v. *Farmoil, Inc.,* 31 Conn. Sup. 322, 324–25, 330 A.2d 99 (1974).

It is submitted that the defendant's special defense of contributory negligence against the intervening employer, Superior, is cognizable under Connecticut law, and therefore Superior's motion to strike should be denied.

If the court applies the principles of the comparative negligence statute, General Statutes § 52-572h;[1] see *Gomeau* v. *Forrest,* supra 525; James, "Connecticut's Comparative Negligence Statute: An Analysis of Some Problems," 6 Conn. L. Rev. 207 (1974); to this case, if there is any recovery from the defendant-third party tortfeasor, "but the employer is found to have been negligent, the employer's reimbursement claim must . . . be diminished by . . . the percentage of the employer's negligence." *Cirrito* v. *Continental Can Co.,* supra, 643; accord *Arbaugh* v. *Proctor & Gamble Mfg. Co.,* 80 Cal. App. 3d 500, 508–509, 145 Cal. Rptr. 608 (1978); *Associated Construction & Engineering Co.* v. *Workers' Compensation Appeals Board,* supra, 840–43; *Tucker* v. *Union Oil Co. of California,* supra; contra *Arctic Structures, Inc.* v. *Wedmore,* 605 P.2d 426, 440 (Alaska 1979); *Schweizer* v. *Elox Division of Colt Industries,* 70 N.J. 280, 359 A.2d 857 (1976). With the proper implementation, this rule will in no way contravene the

[1] General Statutes § 52-572h provides in pertinent part: "(a) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if the negligence was not greater than the combined negligence of the person or persons against whom recovery is sought. Any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering."

policies of the workers' compensation system as the employer will be liable for no more than the statutory compensation benefits already paid, and the employee will obtain his complete common law recovery, but no double recovery.

The court can use instructive interrogatories in a jury case to determine each party's percentage of a comparative negligence. See Berdon, "Instructive Interrogatories: Helping the Civil Jury To Understand," 55 Conn. B.J. 179 (1981). The court may also use a special verdict form wherein the amount of the award should be specifically itemized between pain and suffering, permanency and specific damages thereby providing a reasonable and fair basis for the court to make apportionment by and between an employer and employee in accordance with § 31-293.

It is submitted that the defendant should be allowed to assert Superior's negligence as a special defense under Connecticut law, and accordingly, the motion to strike the special defense is denied.