[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE SPECIAL DEFENSE
On September 6, 1990, the plaintiffs, Daniel Romanow (plaintiff) and his wife, filed suit against Bourgeois Shaw, Inc., and Airway Electric Co. (Airway), for injuries he sustained while working at Bradley International Airport. Pursuant to Conn. Gen. Stat. 31-293(a), Trans World Airlines, Inc. (TWA) moved to intervene as a co-plaintiff on September 13, 1990, within the 30-day statute of limitations period that began to run on August 21, 1990. On December 3, 1990, TWA filed its intervening complaint alleging that it, as the plaintiff's employer, has paid workers' compensation benefits to the plaintiff and that it should be reimbursed if the plaintiff succeeds against the defendants. CT Page 5090
Both defendants answered TWA's intervenor complaint, and Airway asserted two special defenses, which allege that (1) TWA's injuries were caused by its own negligence because it failed to notify, warn, supervise and train the plaintiff, and (2) TWA's injuries were caused by the plaintiff's negligence. TWA denied the second special defense and moved to strike the first special defense as being legally insufficient. TWA and Airway have filed memoranda of law in support of their respective positions.
A party may contest in the motion to strike "the legal sufficiency of the allegations of any . . . special defense." Conn. Practice Bk. 152(5)." [I]f facts provable under the allegations would support a defense . . . the [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
In support of its motion to strike, TWA argues that under Conn. Gen. Stat. 31-293, which allows employers to be reimbursed by third-party tortfeasors for benefits paid to injured employees, the employer's alleged negligence cannot diminish the employer's right to be reimbursed. TWA therefore argues that Airway's attempt to assert TWA's negligence as a special defense must fail because if fails to allege a legally sufficient defense.
Airway argues that because Connecticut recognizes comparative negligence, Conn. Gen. Stat. 52-572h, the employer's negligence should be allowed as a defense to its reimbursement claim.
Section 31-293 (a) provides, in relevant part:
 When any injury for which compensation is payable under the provision of this chapter [Workers' Compensation Act] has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages . . . such injured employee may proceed at law against such person . . . and any employer having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such other person to recover any amount that he has paid or has become obligated to pay as compensation to such injured employee. CT Page 5091
The comparative negligence statute, section 52-572h(c), provides, in relevant part:
 In a negligence action to recover damages resulting from personal injury . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share.
The appellate courts have not addressed the issue of whether comparative negligence principles apply in section31-293 actions.
Federal and Superior courts that have addressed the issue split into the following lines of reasoning: Courts allowing the special defense hold that fairness requires reducing the employer's recovery in proportion to its negligence. Cirrito v. Continental Can Co., 519 F. Sup. 638,643 (D.Conn. 1581); DeSantis v. Gaudioso, 39 Conn. Sup. 222,228 (Super.Ct. 1933), Johnson v. Windsor Associates2 CSCR 1080, 1081 (September 22, 1987, Norko, J.). Courts striking the special defense generally hold that because the employer's right to reimbursement is purely statutory and because the statute does not provide for the diminution of the employer's right to reimbursement, the employer's negligence is irrelevant: Williams v. Teitleman, 2 Conn. L. Rptr. 240, 241 (August 24, 1990, Mulcahy, J.); Adams v. Air Freight Services, Inc., 1 Conn. L. Rptr. 557 (April 30, 1990, Mulcahy, J.) and cases cited therein. See also Larsen, 2A Workmen's Compensation, 75.23 (1982) (quoted in Adams).
In a recent workers' compensation case, the Connecticut Supreme Court said that, "[o]ne of the purposes of the workers' compensation statute is `the avoidance of two independent compensations for the injury.'" Enquist v. General Datacom,218 Conn. 19, 26 (1991), quoting Ulva v. Alonzy, 116 Conn. 91,98 (1933).
Further, the employer's action is "in effect one of subrogation to the right of the injured employee to recover for the tort. . . ." Stavola v. Palmer, 136 Conn. 670, 677 (1950). Thus, the employer's negligence is irrelevant in a workers' compensation suit and allowing it to be asserted in a reimbursement action would defeat the "no-fault" purpose of workers' compensation by requiring litigation about the employer's negligence.
The motion to strike the special defense is granted. CT Page 5092
KOLETSKY, J.