[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an action by an employer to recover workers' compensation payments made to its employee who was injured on property of the defendant, St. James Church. It is alleged in the complaint that the defendant, Consolidated Engineers and Constructors, Inc. (hereafter called "Consolidated") , dug a hole in the basement floor of the church, and that the plaintiff's employee (Lane) was injured as a result of the negligence of Consolidated in failing to cover the hole, failure to warn of its existence, or take other steps to guard against an existing, unsafe condition. Consolidated filed two special defenses to the complaint. The first special defense claims all applicable setoffs, credits, allocations and contributions under sections 52-225a and52-572h of the General Statutes. The second special defense claims that the injuries to the plaintiff's employee were caused by the plaintiff's negligence in failing to protect the plaintiff's employee from injury at the work site and specifically the hole in the floor. The plaintiff has filed a motion to strike both special defenses.
A motion to strike can be used to test the legal sufficiency of any special defense contained in the answer. Section 152(5) of the Connecticut Practice Book. A special defense is a matter which is consistent with statements in the plaintiff's complaint that show, despite those allegations, that the plaintiff has no cause of action. Section 164 of the Connecticut Practice Book; Pawlinski v. Allstate Ins. Co., 165 Conn. 1, 4. In order to raise such matters at the trial of a case, they must be specially pleaded as a special defense. Section 164 of the Connecticut Practice Book. Consolidated also relies on section 168 of the Practice Book which allows a defendant, which has a right of setoff against the plaintiff's demand, to obtain the benefit of it by pleading it in the answer. The defendant claims that section 52-225a of the General Statutes, providing for a reduction from damages of payments made from collateral sources to the plaintiff, also allows the special defense.
Until section 52-225a was enacted in 1985, a defendant could not obtain a reduction for payments received by the plaintiff from collateral sources. Gorham v. Farmington Motor Inn, Inc., 159 Conn. 576, 579, 580, and cases cited therein. Subsection (a) of the statute provides that after damages are awarded by the trier of fact that the court shall make certain stated reductions from the award of damages. Subsection (b) provides that before the court enters judgment, it shall receive evidence concerning amounts received by the claimant from the collateral sources. While the statute allows credits for collateral source payments to CT Page 838 the plaintiff, that is not a matter considered by the trier of fact (whether a court or a jury) when the case is tried. After the trial, the court hears evidence on collateral source payments and makes an appropriate reduction in the plaintiff's damages as required by sections 52-225a and52-572h. A special defense is raised for the purpose of offering evidence on a legal issue or concept contained in the special defense at the time of trial. A special defense is unnecessary to obtain the benefits allowed by section52-225a, because the court is required to make appropriate adjustments after the trial as a result of the statute. Section 52-225a indirectly precludes evidence at the trial on collateral source payments to reduce damages, and is not a valid special defense. Several cases have reached that conclusion. Whitely v. Sebas, 3 Conn. L. Rptr. 370,6 CSCR 372 (1991); Mohsen v. Peters, 4 Conn. L. Rptr. 303 (1991); Zujewski v. Allen, 2 Conn. L. Rptr. 92 (1990) ; Zagaja v. Guerrera, 1 Conn. L. Rptr. 23, 5 CSCR 232 (1990); Sabol v. Mancini, 5 CSCR 518 (1990); Wiggins v. Johnson, CSCR 146 (1990); Nave, Administrator v. St. Mary's Hospital,4 Conn. L. Rptr. 671 (1991).
Collateral source payments also cannot be considered a setoff. A legal setoff is a mutual debt between the parties that can be raised in an action brought for the recovery of another debt, pursuant to section 52-139 of the General Statutes. An equitable setoff is the recognition of multiple obligations between the parties and a setoff of one against the other to prevent circuity of actions. Mohsen v. Peters, supra, 304, citing Savings Bank of New London v. Santaniello, 130 Conn. 206, 210-11. See also Valuk v. Mathews, 4 Conn. L. Rptr. 16 (1991); Rosiello v. Ladden,2 Conn. L. Rptr. 238 (1990).
The plaintiff has moved to strike the second special defense of contributory negligence on the ground that it is not a valid defense to an employer's action for reimbursement from a negligent third party for payments made for workers' compensation to the injured employee. Section 52-572h(b) of the General Statutes provides, in actions for negligence to recover damages for personal injury or property damage, that contributory negligence does not bar recovery by the claimant if his negligence was not greater than the combined negligence of the persons against whom recovery is sought, except that the damages allowed are reduced by the proportion of the percentage of negligence attributable to the plaintiff. Consolidated alleges numerous actions of the plaintiff-employer which, if proven, would amount to comparative negligence on its part. The plaintiff claims that contributory negligence is not a defense to an CT Page 839 employer's action based on section 31-293 of the General Statutes and that section 52-572h does not apply to that cause of action. There is a split of authority on this issue which has not been resolved by any decisions of the Connecticut Supreme Court or Appellate Court. (The issue was raised but not decided in Skitromo v. Meriden Yellow Cab Co., 204 Conn. 485, 488, because the employer had failed to comply with the procedures in section 31-293.)
Section 31-293 of the General Statutes provides in part that any employer which has paid or is obligated to pay workers' compensation can bring an action against a third party who is legally liable to pay damages to an injured employee. The injured employee is allowed to join in the action brought by the employer, and if damages are recovered from the third party, the claim of the employer for reimbursement takes precedence over the claim of the employee. The injured employee has not made a claim for damages in this action and has not been joined as a party.
While the special defense primarily consists of claims of comparative negligence on the part of the plaintiff-employer, it also alleges in part that "its employees failed to keep a proper lookout and make reasonable and proper use of their faculties with respect to the subject project;. . ." A claim of comparative negligence by the employer and a claim of comparative negligence by the employee present different considerations. The employee has the right at common law, independent of section 31-293, to bring a negligence action for personal injuries against a defendant who injured him. The employer's cause of action against the same defendant is created and limited by section31-293. The comparative negligence statute, section 52-572h, provides in clear and unambiguous language that comparative negligence principles apply only "`[in] causes of action based on negligence.'" Lukas v. New Haven, 184 Conn. 205,212 (holding that it did not apply to a statutory cause of action based upon section 13-149 of the General Statutes).
The employer's right of recovery of workers' compensation payments from a third party who injured an employee is a derivative cause of action in that the employer has no cause of action unless the employee could recover against the third party, so that the employer cannot recover any more than the employee himself could recover. Stavola v. Palmer, 136 Conn. 670, 678. "The statute in effect subrogates the employer to the employee's right to recover from a third party to the extent provided in it; the employer can in no event recover more than the employee could; if the two join in an action, the employer's sole right is to have CT Page 840 apportioned to him so much of the damages found due the employee as he has a right to receive." Mickel v. New England Coal Coke Co., 132 Conn. 671, 680. The right of reimbursement which the employer has under the statute, although derived from the right of the employee, is a separate right vested in the employer by the statute. Stavola v. Palmer, supra, 678. Since the employer's rights under the statute derive from and are dependent upon the employee's rights, negligence on the part of the employee affects the employer's right to recover against the third party. Id., 678 ; Mickel v. New England Coal Coke Co., supra, 678; DeSantis v. Gaudioso, 39 Conn. Sup. 222, 224.
The employer's cause of action under section 31-293 is entirely statutory, and there is no provision in the statute for any reduction in the amount of the right to reimbursement of the employer based upon any negligence on the part of the employer. Some cases have held that the negligence of the employer can be alleged as a special defense by the third party. Cirrito v. Continental Can Co., Inc., 519 F. Sup. 638,643 (D.Conn. 1981); DeSantis v. Gaudioso, supra, 225. These decisions do not take into account the concept recognized in Lukas v. New Haven, supra, 212, that comparative negligence under section 52-572h does not apply to a statutory cause of action. The better view is that the employer's negligence does not bar a recovery if the employee would otherwise have a right to recover from the third party. See Cyr v. F. S. Payne Co., 112 F. Sup. 526 (D.Conn.) aff'd 208 F.2d 356 (2d Cir. 1953); Perruccio v. Nadeau,30 Conn. Sup. 126, 131; Adams v. Airfreight Services, Inc.,5 CSCR 333 (1990); Laware v. Construction Resources, Inc.,5 CSCR 105 (1990); Williams v. Teitleman, 5 CSCR 704 (1990); Romanow v. Bourgeois Shaw, Inc., 4 Conn. L. Rptr. 262,6 CSCR 661 (1991); Samuels v. Stumbers, 6 CSCR 436 (1991). There are also several unreported decisions to the same effect. This result is also consistent with the result in a significant majority of other states where direct negligence of the employer, not based on vicarious liability, does not bar an action against the third party if there is a statutory right to recover compensation payments made to the employee. Larson, 2A Workmen's Compensation, section 75.23 (1982). The reason for this is that the employer's claim is based on a statute and not equitable or subrogation principles that the subrogee must not himself be at fault or guilty of contributing to the loss on which he sues. Adams v. Airfreight Services, Inc., supra; Larson, supra, section 75, 23 page 14-607. Accordingly, the employer's negligence is irrelevant. Romanow v. Bourgeois Shaw, Inc., supra.
While negligence of the plaintiff-employer here cannot CT Page 841 be considered, the second special defense alleges negligence on the part of both the employer and the employee. The motion to strike is addressed to the entire special defense. Even though the employee is not a party to this action, his comparative negligence can be considered by the trier. A motion to strike must be denied when any allegations in the pleading are valid, and a request to revise was not filed to separate out claims of comparative negligence of the employer and the employee. See Rowe v. Godou, 209 Conn. 273, 279.
The motion to strike the first special defense is granted. The motion to strike the second special defense is denied.
Robert A. Fuller, Judge