[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT DODSON'S MOTION TO STRIKE THE CROSS-CLAIM
The defendant Patricia Dodson has moved to strike both counts of a cross-claim filed by the co-defendants, Terry G. Keeler and T. W. Owens and Sons.
The plaintiff Patrick Vahey had filed a complaint against these several defendants seeking to recover for damages sustained as a result of a traffic accident on January 15, 1988, which he claims was caused by the negligence of the defendants.
The plaintiff Vahey alleges in his complaint that the defendant Dodson operated her vehicle in a reckless and negligent manner while under the influence of drugs or alcohol, that she travelled unreasonably fast, that she improperly changed lanes while failing to signal and that she failed to apply her brakes. The plaintiff Vahey alleges that the second defendant Keeler was negligent in that he drove his tractor-trailer unreasonably fast, that he failed to keep a proper lookout, that he failed to keep his truck under reasonable and proper control, and failed to apply his breaks in a timely manner and that he followed too closely. The plaintiff Vahey also alleges that the defendant Keeler was acting in the scope of his employment by the third defendant Owens and Sons.
The defendants Keeler and Owens and Sons filed an answer and a cross-claim in two counts. The first count of the cross-claim alleges that the plaintiff Vahey's injuries were caused by the defendant Dodson's negligence and carelessness and seeks contribution. The second count alleges that the co-defendant Dodson was in exclusive control of the situation and primarily negligent, that neither the defendant Keeler nor the defendant Owens and Sons had reason to anticipate Dodson's negligence or carelessness, and that these cross-claiming defendants are therefore entitled to indemnification.
In her motion to strike both counts of the cross-claim, the defendant Dodson argues that the contribution claim must fail because there is no common law cause of action for contribution and any tort reform claims are premature. She CT Page 4632 further argues that the indemnification claim must fail because the third-party plaintiffs could not establish exclusive control on the part of the defendant Dodson in a multi-vehicle accident as a matter of law.
A motion to strike tests the legal sufficiency of a pleading, including a cross-claim. Practice Book Sec. 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling on a motion to strike, the court must construe the facts alleged in a pleading in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 378, 550 A.2d 1073
(1988). A motion to strike does not admit legal conclusions. Blancato v. Feldspar Corp., 203 Conn. 34, 37, 522 A.2d 1235
(1987). In deciding on a motion to strike the trial court may only consider the grounds specified in the motion. Id, at 44.
 II.
In the first count of the cross-claim, the third-party plaintiffs seek contribution. Traditionally, Connecticut recognizes no common-law right to contribution among joint tortfeasors. Gomeau v. Forrest, 176 Conn. 524, 524,409 A.2d 1006 (1979); see also, Kaplan v. Merberg Wrecking Corp.,152 Conn. 405, 412, 207 A.2d 732 (1965).
General Statutes, Sec. 52-572h, as amended by Public Act 87-227 (Tort Reform II), now allows for contribution. But General Statutes Secs. 52-572h (g)(1) and 52-572h (h)(1) indicate that this right to contribution attaches only after a final judgment has been rendered.
Section 52-572h (g)(1) states:
 Upon motion by the claimant to open the judgment filed, after good faith efforts by the claimant to collect from a liable defendant not later than one year after judgment becomes final through lapse of time or through exhaustion of appeal, whichever occurs later, the court shall determine whether all or part of a defendant's proportionate share of the recoverable economic damages and recoverable noneconomic damages is uncollectable from the party, and shall reallocate such uncollectable amount among other defendants in accordance with the provisions of this subsection.
Moreover, Section 52-572h (h)(1) provides:
 A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay CT Page 4633 more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment.
Therefore, under Tort Reform II, a statutory right to contribution is recognized between joint tortfeasors who are parties to the action and have been required to pay more than their proportionate share. In Rondeau v. Ritenour, 1 CTLR 5 (April 9, 1990), Judge Spear set out when the right to contribution arises under Tort Reform II:
"The right to contribution arises only after:
 1. the claim has gone to final judgment; 2. the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so; 3. the claimant has moved to open the judgment within one year after it became final for purposes of reallocation; 4. a reallocation is made by the court, and 5. a defendant is actually required to pay an amount in excess of his share of the original judgment.'
The right of contribution attaches only after any final judgment. The third-party plaintiffs have presented no authority to the contrary. Defendant Dodson's motion to strike is granted as to count one of the cross-claim.
 III.
Indemnity involves a claim for reimbursement in full from one who is claimed to be primarily responsible. Kaplan v. Merberg Wrecking Corporation. 152 Conn. 405, 412, 207 A.2d 732
(1965). Ordinarily, there is no right of indemnity between joint tortfeasors. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). An exception is the so-called active/passive rule, where one tortfeasor claims the other tortfeasor was actively and primarily negligent, while it was only passively and secondarily negligent.
In order to establish that a party was primarily negligent and thus liable to indemnify a secondarily negligent tortfeasor, the following essential elements must be proved:
 (1) the party must have been negligent; (2) its negligence rather than another's was the CT Page 4634 direct and immediate cause of injury; (3) it had exclusive control over the situation; and (4) the negligent party seeking indemnification did not know of the charged party's negligence, had no reason to anticipate it and could reasonably have relied on the charged party to act without negligence.
Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573,452 A.2d 117 (1982), citing Kaplan v. Merberg Wrecking Corporation,152 Conn. 405, 412, 207 A.2d 732 (1965).
The Appellate Court, in a recent case decided after this motion was filed, that of Atkinson v. Berloni, 23 Conn. App. 325,580 A.2d 84 (1990), has held that a fifth essential element must be proved to establish a right to indemnification:
"We conclude that, in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship." Id., at 328.
While it does not appear that such an independent legal relationship has been pled or could be proven by the third-party plaintiffs, the lack of such a relationship was not a ground alleged in the motion to strike and therefore its application cannot be considered by this court. Blancato, supra, 44.
The principal ground raised by this defendant is that in any multi-vehicle accident, none of the joint tortfeasors, who are alleged to have been actively negligent in causing the plaintiff's damages, can be said to have "exclusive control" over the situation so as to comply with Kaplan's third essential element to establish a right to indemnification. Judge Lewis in Mahoney v. Gibson, 10 CLT No. 47, p. 13 concluded:
 Connecticut to this point, it is believed, has not gone so far as to apply this exception to a factual situation such as is presented here where the locus of the accident is a public highway and the defendants are two drivers, both of whom are charged with active negligence and it is not really possible for anyone to have exclusive control over the accident site.
The Mahoney court held that the defendant Gibson "could not have had control over the situation. . . to the exclusion of the indemnitee." The same court in Patton v. Gaherin, 10 CLT No. 29, p. 12, came to a similar conclusion on the grounds that no single defendant in a multi-vehicle accident could have CT Page 4635 exclusive control to satisfy the Kaplan test.
While there appears to be a division among the trial courts, it seems to this court that the rationale of Mahoney, that no single defendant among negligent operators (and the plaintiff must prevail on one or more of the allegations of negligence in his complaint against the cross-complainants before any claim for indemnification could be triggered) in a multi-vehicle accident could have the requisite exclusive control, makes common sense and is persuasive as a matter of law.
The motion to strike is granted with regard to the second count for indemnification.
Parenthetically, since this is an action under Tort Reform II, it has been suggested that any possible passive/active indemnification exception in multi-vehicle accidents involving joint tortfeasors should no longer be considered a viable relief by analogy to the supreme court's reasoning in products liability cases such as Kyrtatas v. Stop Shop, Inc.,205 Conn. 694, 535 A.2d 357 (1988), wherein the court held that the products liability statutes abrogated common law indemnification by allowing proportionate contribution.
"The product liability act, by permitting actions for contribution, has eliminated any reason for retaining the doctrine of indemnification in regard to this variety of suit." Id., at 701.
Similarly, since Tort Reform II provides for comparative liability and contribution in a like fashion, indemnification of one joint tortfeasor by another should be considered inconsistent with the provision for statutory contribution.
In any event, for the reasons indicated the motion to strike the cross-claim is granted.
NIGRO, J.