BRIDGET BLOOMER, GEORGE TUCKER, MARY GEARY, WALTER GEARY, p.p.a.

vs.

JOHN P. KILFEATHER, ET ALS.

Superior Court      New Haven County      File #49798, 49799, 49800, 49801

Present:   Hon. ALFRED C. BALDWIN, Judge.

Thomas R. Robinson,      Attorney for the Plaintiffs.

FitzGerald, Foote & FitzGerald;
Clifford B. Sturges;
Martin E. Gormley,      Attorneys for the Defendants.

## MEMORANDUM FILED APRIL 5, 1937.

BALDWIN, J. These actions were tried together. They are a result of a collision on the Post Road in Orange about six o'clock P. M. July 20, 1936, by an automobile operated by the plaintiff George Tucker, in case No. 49799, first with a car operated by the defendant Kilfeather and then with two other cars that were traveling in the same direction and, one after the other, to the rear of the Kilfeather car.

The plaintiff Tucker was driving a Chrysler sedan easterly, in which, besides the operator, there were seven passengers, among whom were the three other named plaintiffs. These eight persons were seated four upon the rear seat and four upon the driver's seat. One of the passengers upon the driver's seat was a child of five years, one a child of thirteen years, and the other two were adults.

This car was the only vehicle traveling easterly and within the vicinity of the accident at the time of the accident.

The Post Road is a four-lane road, each lane being nine feet wide, two of which lanes are intended for eastbound and two for westbound traffic.

In the westbound lanes was a line of cars traveling westerly which included a Pontiac car driven by the defendant Kilfeather, a Ford town car owned by the defendant Jones, and a Chevrolet owned by the defendant Bardon and driven by the defendant Black, and there may have been another car or other cars in this line.

The Chrysler car (driven by plaintiff Tucker) was in collision with the three cars in the order named. These three cars, just preceding the collision, were traveling upon the northerly or extreme right lane in the direction they were going, the Kilfeather car being then in the rear of the other two cars. Kilfeather turned to his left and proceeded to pass the Chevrolet and then the Ford car, and having passed these cars he turned to his right to pass from the inside westbound lane to the outside westbound lane, and while in this position the Tucker (plaintiff's eastbound) car collided with the Kil-

feather car, the left forward wheel and fender of Tucker's car coming into the left rear wheel and fender of Kilfeather's car causing substantial damage to these parts of these cars.

These cars were traveling approximately forty-five miles per hour and the effect of this collision upon the Tucker car was to cause it to veer somewhat more to its left and then it was in collision with the Ford which was to the rear of Kilfeather, and this collision was more nearly head-on, the left side of the front end of the Tucker car coming in contact with the left front wheel and the entire left side of the Jones' car being demolished. This collision caused the Tucker car to turn further around so that the Black car (which was to the rear of the Jones' car) collided its left front with the left of the center of the rear end of the Tucker car.

These collisions caused serious damages to all of the cars involved and injuries to several persons. They all occurred within the westbound lanes according to all witnesses who could locate them except Tucker. They were all caused by Tucker's negligence.

It was Tucker's claim that the collision with the Kilfeather car was a scraping of the left side of the Kilfeather car with the left side of his car along their entire lengths. The exhibits show no damage to the left side of the Kilfeather car except to the rear left fender and wheel. (There are dents in the left front fender of the Kilfeather car which were present for a long time prior to this accident and have no relation to this accident.) And the exhibits also show no damage to the Tucker car on its left side to the rear of the left forward wheel, fender and hood.

Tucker also claimed that he was on his right side of the road and that when he saw Kilfeather come out of the line to pass, he, Tucker, turned further to his right.

The physical facts are not in accord with these claims. They dispute these claims. The testimony of Tucker in the Orange Town Court and his diagram on the report of the accident to the Commissioner of Motor Vehicles is not in accord with his testimony upon the trial of these cases and his testimony is contradicted by the other witnesses as to where upon the highway and the circumstances under which the accident occurred. The physical facts are not consistent with Tucker's claims. They are consistent only with the claims of the defense.

I am aware of our rule of law which places upon the jury the duty of determining the facts upon conflicting testimony of witnesses, and I am also aware of the result of physical facts and their relation to conflicting testimony of witnesses; and these considerations lead me after hearing the cases tried and a careful review of the evidence and a study of the exhibits to set aside the verdicts which do a manifest injustice in these cases.

The verdicts were in favor of all defendants except the defendant Kilfeather. These verdicts were correct. The verdicts against the defendant Kilfeather were not in accord with the physical facts nor were they supported by the creditable evidence or the weight of the evidence and they may be set aside and a new trial as to the defendant Kilfeather granted.