[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The issue raised by the motion to strike is whether an employer's immunity to an employee's common law claim for injuries, sustained while in the course of employment, is abolished under Conn. Gen. Stats. 52-572h(c), (Tort Reform II). This appears a case of first impression.
The plaintiff, Gosford Samuels, an employee of White Oak Corporation. (hereinafter employer) sustained injuries on June 28, 1988, during his employment at a construction site located on Interstate 91. The injuries were caused by the negligent operation of an automobile owned by the defendant, Stanley Stumbers. On May 21, 1990, defendant Stumbers filed a motion to CT Page 1121 cite the employer as a co-defendant, charging that the plaintiff's injuries resulted, in whole or in part, from the employer's negligence.
On June 11, 1990, the court, without memorandum, but citing to Conn. Gen. Stats. 52-102, and 52-572h(c) granted the motion to cite the employer as a co-defendant. Consequently, the plaintiff filed an amended complaint alleging common law negligence against both defendant Stumbers and his employer, White Oak Corporation, in two separate counts.
The employer's motion seeks to strike the second count of the amended complaint.
Defendant Stumbers appropriately argues that because the motion to strike eviscerates the court's earlier decision to cite the employer, proper deference and consistency compel a rejection of the instant motion. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, in the absence of some new or overriding circumstance. Further, a judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge." Dunn v. Avis Rent-A-Car Systems, Inc., 16 C.L.T. 44 (J.D., Hartford-New Britain, September 17, 1990).
The impact of the ruling to cite the employer, in effect, abolishes the statutory immunity to common law negligence prescribed by Connecticut's Workers' Compensation Act, Ch. 568. This court is genuinely reluctant to disagree with a colleague over a prior interlocutory ruling. It is recognized that the orderly process of litigation is threatened by reversals or modifications of interlocutory rulings. Nevertheless, where sincere and professional differences exist on a significant issue of first impression, the trier is obliged to follow his conscience.
Several Superior Court decisions have addressed the issue of named defendants seeking to cite co-defendants pursuant to52-572h(c), (Tort Reform II), supra. Young v. Van Conant, 15 C.L.T. 18, (May 1, 1989); Lombardi v. Johnstone, 15 C.L.T. 22, (June 5, 1989); Hinkley v. Whipple, 1 Conn. L. Rptr., 102, (1989). But because none of these cases are set in the context of the Workers' Compensation Act, reliance upon them by defendant Stumbers is misplaced. Each of the cited cases deals with recovery predicated on common law negligence. Tort Reform II permits the named defendant to recover proportionate contributions from alleged joint tortfeasors. In Young, id., the defendant's motion to cite was granted; in Lombardi and Hinkley, id., because of vigorous objection by the plaintiff, the courts CT Page 1122 denied the motions, without prejudice, suggesting that the defendants file a third party complaint against the alleged tortfeasors. The defendant's authorities do not hold or suggest that an employer's immunity, developed under a century old employee statutory compensation policy, is to be degraded under Tort Reform II.
Conn. Gen. Stats. 52-572h(c) and 31-284 (Employer's immunity) facially appear in conflict. At the court's request, Stumbers' counsel exhaustively researched the legislative history of 52-572h(c), and 52-102 (the statutory empowerment to cite additional parties). Diligent research indicated no legislative history of "parties" in 52-572h(c) and no legislative interpretation of "immune" in 52-102. "It is settled that when two constructions are possible, courts will adopt that construction which makes the statutes effective and workable and not one which would lead to difficult and unfathomable results." Hefferson v. Slapin, 182 Conn. 40, 48, (1980). "It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous. Where the legislative intent is clear, there is no room for statutory construction." Johnson v. Manson, 196 Conn. 309, 314, (1985).
The relevant statutes to be examined are 52-572h(c), (Tort Reform II); 31-284 (Employer's immunity); 52-102, (citing a co-defendant):
(1) 52-572h(c):
 "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable non economic damages, except as provided in subsection (g) of this section: (Emphasis added).
(2) 31-284, (In pertinent part):
 (a) "An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out CT Page 1123 of and in the course of his employment or on account of death resulting from personal injury so sustained, . . . . All rights and claims between employer and employees, or any representatives or dependents of such employees arising out of personal injury or death sustained in the course of employment as aforesaid art abolished other than rights and claims given by this chapter. (Emphasis added).
(3) 52-102:
 "Upon motion made by any party or nonparty to a civil action the person named in the party's motion or the nonparty so moving, as the case may be, (l) may be made a party by the court if that person has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question, involved therein, provided no person who is immune from liability shall be made a defendant in the controversy. (Emphasis added).
Defendant Stumbers argues that notwithstanding 52-102 and31-248, id., Tort Reform II compels the inclusion of all alleged tortfeasors as parties; that without the inclusion of the employer, the proportionality of liability cannot be determined between joint tortfeasors. This argument presupposes that Tort Reform II has abolished employer immunity to an employee's common law claim. This court concludes that52-572h(c) does not abolish employer immunity as prescribed under 31-284, id.
Defendant's argument that an employer's immunity is suspended when the employer is a joint tortfeasor and reinstated when the employer is the sole tortfeasor would surely invite chaos and bizarre results. An employer's immunity cannot pivot precariously on whether a second tortfeasor exists. Such an unfathomable legal formula would render employers hostage to the imaginations of a named defendant.
The cornerstone of Connecticut's Workers' Compensation law is employer immunity to common law negligence claims. The removal of this pillar would without doubt disembowel a near century old policy of protecting employee injuries without regard to fault. CT Page 1124
"The Workers' Compensation Act exists to compensate employees for injuries arising out of and in the course of employment through a guarantee fixed schedule recovery system. Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount." DeSantis v. Gaudioso, 39 Conn. Sup. 222, 223, (1983).
In DeSantis, although the named defendant was allowed to assert a special defense against the intervening employer so as to reduce the employer's right to reimbursement, this was not deemed a "contribution" from the employer. c.f. Cirrito v. Continental Can Co., 519 F. Sup. 638 (D.Conn. 1981); Stavola v. Palmer, 136 Conn. 670, 677, (1950). "The ground is a simple one: the employer is not jointly liable to the employee in tort; therefore he cannot be a joint tortfeasor. The liability that rests upon the employer is an absolute liability irrespective of negligence." DeSantis, p. 227, id. (Citations omitted).
 ". . . [W]here a worker's personal injury is covered by the act, statutory compensation is the sole remedy and recovery in common law tort against the employer is barred." Jeff v. Dunlap, 179 Conn. 215, 217, (1979). (Citations omitted).
"We have consistently held that the exclusivity provisions of the Workers' Compensation Act operate as a total bar to actions brought by employees against their employers or job related injuries." Sgueglia v. Milne Construction Co.,212 Conn. 427, 433, (1989). To permit an employee to recover dually against his employer for work-related injuries under a statutory scheme excluding fault and at common law for such injuries is an incongruity the legislature could not have contemplated. Not surprisingly, the plaintiff is a current beneficiary under the Workers' Compensation Act. He has been compensated or medical costs and lost earnings under insurance policies paid for by his employer.
The defendant Stumbers understandably seeks to minimize his exposure by gathering additional parties into the circle of liability. 52-572h(c) was intended to equitably distribute recovery proportionate to fault; it was not intended to waive a statutory immunity enjoyed by employers. If the General Assembly had intended to degrade the Workers' Compensation Act, it could have done so pointedly and directly.
The language in 52-572h(c) "against whom recovery is CT Page 1125 allowed" appears superfluous except as it is measured against52-102, 31-248 and other such immunity-granting statutes. If52-572h(c) is not subordinated to 52-102, then statutory and common law immunities are placed at risk.
The language in 52-102 is clear and unambiguous: "No person who is immune from liability shall be made a defendant in the controversy." Defendant's posture if accepted would denude, at one stroke, a storehouse of previously granted statutory immunities.
"We must presume that the legislature . . . acted in view of existing relevant statutes and with the intention of creating one consistent body of law. . . ." Budkofsky v. Commissioner of Motor Vehicles, 177 Conn. 588, (1979), McKinley v. Musshorn,185 Conn. 616, 623, (1981).
Accordingly, the motion to strike the second count of the amended complaint is granted.
SPADA, J.