EDWARD B. GOMEAU, ADMINISTRATOR (ESTATE OF MATTHEW GOMEAU) *v.* ARTHUR R. FORREST ET AL.

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued November 8, 1978—decision released January 30, 1979

*David M. Reilly, Jr.,* with whom was *Thomas O. Terrace,* for the appellants (third-party plaintiffs).

*Donald W. O'Brien,* for the appellees (third-party defendants).

LOISELLE, J. The original action herein, alleging that the negligence of an owner and an operator of a truck caused the injuries and death of two-year-old Matthew Gomeau, was brought by his estate.

The owner and the operator of the truck then brought a third-party complaint against the parents of the deceased child, claiming that the failure of the parents to exercise reasonable care in the supervision of the activities of the child was the direct and immediate cause of the child's injuries and death, and praying for damages in indemnity or in contribution. The third-party defendants, the parents, demurred to that complaint. Their demurrer was sustained by the court. It is from the judgment rendered thereon that the third-party plaintiffs have appealed.

The third-party plaintiffs claim that the trial court erred in concluding that (1) contribution is not allowed between joint tortfeasors in Connecticut; (2) intrafamily tort immunity is an effective bar to the third-party action; and (3) a parent's negligent supervision of a child is not actionable in this state. Because the issue of contribution is dispositive of this appeal, we do not address the other two arguments.

The third-party plaintiffs argue that the enactment of General Statutes § 52-572h, which adopted the comparative negligence doctrine, effectively abrogated the doctrine of noncontribution among joint tortfeasors. It is their claim that the express language of General Statutes § 52-572h permits and authorizes the court to hear claims for contribution.

The common law of this state, unlike that of a number of other jurisdictions, does not permit contribution between joint tortfeasors. *Fox* v. *Fox,* 168 Conn. 592, 595, 362 A.2d 854 (1975); *Rose* v. *Heisler,* 118 Conn. 632, 633, 174 A. 66 (1934); *Caviote* v. *Shea,* 116 Conn. 569, 575, 165 A. 788 (1933); 18 Am. Jur. 2d, Contribution § 33. See

also a thorough discussion of the subject of contribution in annot., 53 A.L.R.3d 184. Our rule has certain exceptions, notably in the indemnity situation where the liability of a defendant is vicarious or based merely on a relationship, such as that of employer-employee. *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 412, 207 A.2d 732 (1965); *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.,* 133 Conn. 536, 542, 52 A.2d 862 (1947); *Bailey* v. *Bussing,* 28 Conn. 455 (1859).

In 1973, General Statutes § 52-572h, entitled "Negligence actions. Doctrines applicable," became effective.[1] The central purpose of the act was to replace the harsh rule that contributory negligence was a complete defense in negligence cases with the rule that contributory negligence merely operates to diminish the amount recovered as damages in proportion to the percentage of negligence attributable to the person recovering. Subsection (a) of the statute sets up the comparative negligence standard in lieu of the common-law contributory negligence doctrine. Subsection (c), which abolished the common-law doctrine of last clear chance and assumption of risk, further effectuates the pur-

---

[1] "[General Statutes] Sec. 52-572h. NEGLIGENCE ACTIONS. DOCTRINES APPLICABLE. (a) In causes of action based on negligence, contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages resulting from injury to persons or damage to property, if such negligence was not greater than the combined negligence of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion of the percentage of negligence attributable to the person recovering. (b) In any action to which this section is applicable, the instructions to the jury given by the court shall include an explanation of the effect on awards and liabilities of the percentage of negligence found by the jury to be attributable to each party. (c) The legal doctrines of last clear chance and assumption of risk in actions to which this section is applicable are abolished."

pose of the act to modify the contributory negligence doctrine. Nowhere in the wording of the statute is there any indication that the legislature intended to change the longstanding common-law rule against contribution among joint tortfeasors. Indeed, the title of the act states "Doctrines applicable." The only doctrines mentioned in the act are those of contributory negligence, last clear chance and assumption of risk. None of these has any relationship to the question of whether contribution or indemnity will be enforced among joint tortfeasors. The legislative history further demonstrates that the sole intent of the legislature was to modify the doctrine of contributory negligence to allow diminished recovery based on the degree of a plaintiff's own negligence. 16 H.R. Proc., Pt. 13, 1973 Sess., p. 6432.

The third-party plaintiffs claim that even if it is found that the legislature did not intend to include a modification of the rule against contribution, it in fact did so by the language it used. It is true that in the interpretation of statutes, the intent of the legislature is to be found not in what it meant to say, but in what it did say. *Sillman* v. *Sillman,* 168 Conn. 144, 148, 358 A.2d 150 (1975); *Schwab* v. *Zoning Board of Appeals,* 154 Conn. 479, 482, 226 A.2d 506 (1967).

The third-party plaintiffs argue that the use of the phrase "any person" as delineating who can sue under General Statutes § 52-572h and the use of the plural "persons" is deliberate and meaningful. These words, according to the third-party plaintiffs, would be superfluous if contribution between tortfeasors was not allowed. This is not the case. One reason the legislature could have had for using the phrase "any person" in defining who can bring suit

is to include a next best friend for a minor or an incompetent. The use of the plural word "persons" cannot, without other apparent intention in the statute, be a basis for abolishing a long-established common-law rule wholly unrelated to the central thrust of the entire act. Courts should not read into clearly expressed legislation provisions which do not find expression in its words. *Houston* v. *Warden,* 169 Conn. 247, 251, 363 A.2d 121 (1975). "In the interpretation of a statute, a radical departure from an established policy cannot be implied. It must be expressed in unequivocal language." *Jennings* v. *Connecticut Light & Power Co.,* 140 Conn. 650, 667, 103 A.2d 535 (1954). In considering the general purpose of the statute as a whole, it is clear that it relates only to a modification of the doctrine of contributory negligence and the abolition of the doctrines of last clear chance and assumption of risk.[2] See *Spring* v. *Constantino,* 168 Conn. 563, 572, 362 A.2d 871 (1975). The claim of the third-party plaintiffs cannot be supported when the statute is considered as a whole.

In their cross-complaint, the third-party plaintiffs alleged that the third-party defendants were the primary and direct cause of Matthew's death and requested damages by way of indemnification. "[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment neces-

[2] It is noteworthy that the two law review articles that analyzed in depth General Statutes § 52-572h, one by Fleming James, Jr., and the other by Hon. George A. Saden, in 6 Conn. L. Rev. 207 (1973–1974) and 47 Conn. B.J. 416 (1973) respectively, both concluded that the act relates only to the doctrine of contributory negligence and does not affect the common-law rule against contribution between joint tortfeasors.

sarily made by the claimant which equitably should have been paid in part by others." *Kaplan* v. *Merberg Wrecking Corporation*, supra, 412. The classic situation for an action for indemnification is where an employer is held vicariously liable for the torts of his employee. Contribution is allowed in this situation because the claimant is not personally a wrongdoer. *Preferred Accident Ins. Co.* v. *Musante, Berman & Steinberg Co.*, supra, 542. Wording a complaint as an indemnity action rather than as a request for contribution does not, however, change its essential nature. The substance of the third-party plaintiffs' complaint is an allegation of negligence on the part of Matthew's parents which is merely an attempt to recover contribution from a joint tortfeasor in the event all parties are held responsible.

Since this is the case, our conclusion that § 52-572h did not abrogate the rule against contribution among joint tortfeasors means that the third-party plaintiffs have no cause of action against the deceased child's parents and is dispositive of this appeal.

There is no error.

In this opinion the other judges concurred.