[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AS TO THE MOTION TO STRIKE OF DEFENDANT HELEN GORMLEY
The defendant Helen Gormley in the above-entitled action moves the Court to strike the cross-claim of the defendants Martha Witter and John Vedder for the reason that said cross-claim does not set forth a recognizable cause of action as to the defendant Gormley and is therefore not legally sufficient.
Counsel for the defendant Gormley filed a memorandum of law in support of the defendant Gormley's motion to strike. Counsel for the defendants Witter and Vedder did not file any memorandum of law. The defendants Martha Witter and John Vedder in the above-entitled action assert a cross-claim for indemnification against the defendant Helen Gormley. Indemnification "involves a claim for reimbursement in full from one on whom prime liability is claimed to rest, citing Gomeau v. Forrest, 176 Conn. 523. The cross-claimants seek to be reimbursed for the full amount of any judgment which may be rendered against them in the original action, and therefore it is manifestly apparent that the action set forth in the cross-complaint complaint is one for indemnification.
It is the general rule in Connecticut that there is CT Page 3279 no right of indemnification among joint tortfeasors. Gomeau v. Forrest, 176 Conn. 523, 524 (1979). There is an exception to this rule where the party seeking indemnification can establish that the third-party defendant was primarily liable for the damages which the original defendant was required to pay, citing Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405,412 (1965). In order to establish primary liability on the part of the third-party defendant and come within this exception to the rule providing indemnification, the third-party Plaintiff must allege and prove that: (1) the third-party defendant was negligent; (2) the third-party defendant's negligence, rather than the third-party plaintiff's negligence was the direct and immediate cause of the damages; (3) the third-party defendant was in control of the situation to the exclusion of the third-party plaintiffs; and (4) the third-party plaintiffs did not know of the third-party defendants' negligence, had no reason to anticipate it and could reasonably rely on the third-party defendant not to be negligent. Id. at 415.
By cross-claim the third-party plaintiff alleges that the defendant Helen Gormley:
 1. a) violated Section 14-247 of the motor vehicle laws of the State of Connecticut in entering a public highway from a private road or driveway without the right-of-way; b) failed to yield the right-of-way to an approaching vehicle, in violation of Section 14-247 of the motor vehicle laws of the State of Connecticut; c) failed to have her vehicle under proper and reasonable control; d) failed to keep a reasonable and proper lookout as she proceeded on the highway; e) failed to apply her brakes in time to avoid an accident; although by a proper and reasonable exercise of her faculties, she could and should have done so; f) failed to turn said vehicle as to avoid a collision; g) failed to sound her horn or give any warning of impending collision.
 2. If the plaintiff, CONSTANCE PEKOSKE, was injured and damaged as alleged in her CT Page 3280 Complaint, it was through the negligent conduct of the defendant, HELEN GORMLEY, and not through any negligence of defendants, MARTHA WITTER and JAMES VEDDER.
 3. Defendants, MARTHA WITTER and JAMES VEDDER, had no reason to anticipate the negligence of defendants, HELEN GORMLEY, the defendant in the cross-claim.
It is the claim of the third-party defendant Helen Gormley that it is not possible for the driver of a motor vehicle to have control over the situation involved in the accident to the exclusion of the driver of another motor vehicle. Pursuant to the existing Tort Reform Statute, section 52-572h, the matter of the respective liabilities of the defendants is to be determined at the time of trial, wherein the jury would assess percentages of liability with respect to each party rather than having a separate determination made with respect to the cross-claim. Particular reference is made to section 52-572h(c) of the Connecticut General Statutes.
A motion to strike tests the legal sufficiency of a pleading, citing Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). In ruling on a motion to strike, the court must take as admitted all well-pled facts and those necessarily implied thereby and construe them in a manner most favorable to the pleader. Norwich v. Silverbert, 200 Conn. 367, 370 (1986). A motion to strike admits all facts well pleaded but it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). The cross-complaint contains only legal conclusions which are not admitted for the purpose of a motion to strike. Therefore, the cross-complaint does not establish the elements of a cause of action for indemnification as set forth in Kaplan v. Merberg Wrecking Corporation, 152 Conn. 40,412 (1965).
On the basis of the following, the Court then grants the motion to strike the cross-complaint of the defendants Martha Witter and John Vedder as to the defendant Helen Gormley.
AUSTIN, J.