[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On September 28, 1990, plaintiffs Isabel S. Figuiredo and Frank S. Figuiredo filed a two-count complaint against defendant Purity Supreme, Inc., alleging negligence and loss of consortium. Plaintiffs allege that on September 28, 1988, plaintiff Isabel Figuiredo sustained personal injuries and losses when she slipped and fell on defendant Purity Supreme's floor as a result of the defendant's negligence in maintaining the floor.
On November 19, 1990, the court (Koletsky, J.) granted defendant Purity Supreme's motion to implead third-party defendant T.M. Cleaning Company. By way of a two-count third-party complaint, defendant/third-party plaintiff Purity Supreme alleges that third-party defendant T.M. Cleaning was responsible for stripping, waxing, and maintaining Purity Supreme's floor and that third-party defendant T.M. Cleaning was negligent in the treatment and maintenance of said floor. (Third-party Complaint, p. 2, paras. 3, 4). Defendant/third party plaintiff Purity Supreme seeks indemnification in count one and contribution in count two.
On July 5, 1991, pursuant to Practice Book 152, third-party defendant T.M. Cleaning filed a motion to strike the second count of the third-party complaint.
On July 8, 1991, pursuant to Practice Book 117, the original plaintiffs filed a two-count "complaint" against third-party defendant T.M. Cleaning, alleging negligence and loss of consortium. In compliance with Practice Book 117, plaintiffs asserted these claims within twenty days after the third-party defendant appeared in the action.
On July 9, 1991, pursuant to Practice Book 152 et seq., the defendant/third-party plaintiff, Purity Supreme, filed an objection to third-party defendant's motion to strike.
The function of a motion to strike is "to test the legal sufficiency of a pleading" Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 427 A.2d 822 (1980). The motion to strike "admits all facts well pleaded." Mingachos CT Page 10480 v. CBS, Inc., 196 Conn. 91, 108. 491 A.2d 368 (1985). (Emphasis in original). "The court must construe the facts in the complaint most favorably to the plaintiff." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 544 A.2d 1185
(1988). "In ruling on a motion to strike the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138 140, 438 A.2d 27
(1980).
The third-party defendant maintains in its motion to strike that the second count of the third-party complaint served on a theory of contribution "is not, for the reasons set forth in the attached Memorandum of Law, legally suficient."[1] In its supporting memorandum, the third-party defendant argues that the second count "is not legally sufficient under Connecticut law " citing General Statutes 52-572h.
 The third-party defendant claims: Under Connecticut law in order for a contribution action to stand all of the above. criteria must be satisfied. T.M. Cleaning Company is not a party to the plaintiff's complaint and cannot be considered a liable defendant. Because none of these criteria have been satisfied by the third party plaintiff Purity Supreme, Inc, the third party action is legally insufficient and must be stricken.
The third-party plaintiff responds that "an action for contribution is allowable under the circumstances where a prospectively liable third party is impleaded into an action which has already been instituted," citing Malerba v. Cessna Aircraft Co., 210 Conn. 189, 554 A.2d 287 (1989)
"The common law of this state, unlike that of a number of other jurisdictions, does not permit contribution between joint tortfeasors." (Citations omitted). Gomeau v. Forrest,176 Conn. 523, 524 409 A.2d 1006 (1979). However, General Statutes52-572h(h), enacted as part of the legislation known as Tort Reform II, "now provides a statutory right of contribution:
 (h)(1) A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess CT Page 10481 of such party's proportionate share of such judgment.
 (2) An action for contribution shall be brought within two years after the party seeking contribution has made the final payment in excess of his proportionate share of the claim.
General Statutes 52-572h(h).
In Rondeau v. Ritenour, 1 CTLR 413 (March 28, 1990 Spear, J.), the court interpreted 52-572h(g)(1) and52-572h(h)(1) to mean that:
 [t]he right of contribution arises only after:
(1) the claim has gone to final judgment,
 (2) the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so,
 (3) claimant has moved to open the judgment within one year after it became final for purposes of reallocation,
 (4) a reallocation is made by the court, and,
 (5) a defendant is actually required to pay an amount in excess of his share of the original judgment.
Id, 414; see also Gurton v. Board of Education, 3 CTLR 591 592 (April 29, 1991 Hodgson J.).
The third-party plaintiff's reliance on Malerba, supra, is misplaced as that case involved a products liability claim, which is governed by procedural statutes different from those governing common-law negligence claims.
In this case, the third-party plaintiff's claim for contribution is legally insufficient under 52-572h(h) for failure to satisfy any of the requirements set forth in Rondeau. Accordingly, the third-party defendant's motion to strike count two is granted.
SCHALLER, J.