[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings suit against the defendant for injuries he suffered as a passenger in the plaintiff's car. The plaintiff alleges in his amended complaint filed September 11, 1991 that the accident was caused, in part, by the intoxication of the defendant. In the defendant's answer filed October 11, 1991 the defendant stated a special defense as follows:
 If the plaintiff sustained any injuries or damages as alleged in his complaint, said injury and damage was a direct and proximate result of his own carelessness and negligence, in that he allowed himself to be a passenger in the 1988 Buick Skylark automobile, operated by the defendant, when he knew or should have known that the defendant had been drinking, and when he knew or should have known that the defendant was in a state of intoxication.
On November 4, 1991 the plaintiff filed a motion to strike this special defense, arguing that it alleges assumption of the risk and that this has been abolished by General Statutes Section52-572h and also that, aside from Section 52-572h, a defendant cannot plead assumption of the risk based on a breach of the statutory obligation not to drive intoxicated. The defendant objects to the motion and the parties have filed supporting memoranda of law.
The plaintiff is correct that the "legal doctrines of last clear chance and assumption of risk . . . are abolished." General Statutes Section 52-572h(1). The court in Wandland v. Ridgefield Construction Services, Inc., 190 Conn. 791 (1983), however, discussed the relationship of assumption of the risk special defenses and comparative negligence under Section 52-572h.
 Nor can the amendment be viewed as a defense of assumption of risk. The central purpose of Section 52-572h was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear chance and assumption of risk operated as a complete bar to recovery. Gomeau v. Forrest, 176 Conn. 523, 525-26, 409 A.2d 1006 (1979). In lieu of these doctrines, subsection (a) of Section 52-572h sets forth a single standard: comparative negligence. In determining CT Page 263 the relative negligence of each party, however, the factors relevant to the assumption of risk doctrine may be considered by the trier. As long as the jury is properly instructed concerning the doctrine of comparative negligence; General Statutes Section 52-572h(b); elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant. "When a plaintiff's conduct in assuming a risk is unreasonable, then the [assumption of risk] doctrine overlaps contributory negligence and the principle of comparative negligence embodied in the statute should apply." James, "Connecticut Comparative Negligence Statute: an Analysis of Some Problems," 6 Conn. L. Rev. 207, 313 (1974).
Id., 797-798. In Spencer v. Balfe, 1 Conn. L. Rptr. 46 (November 22, 1989, Murray, J.) the court utilized this reasoning to deny a motion to strike a special defense ostensibly alleging assumption of the risk. As the jury will be instructed on the vagueness of comparative negligence, "elements involving the failure of the plaintiff to comprehend a risk may be specially pleaded" by the defendant; Wandland, supra; and the motion to strike should be denied.
The plaintiff also argues that a defendant cannot plead assumption of the risk based on a breach of a statutory obligation. Because, as discussed above, the defendant is not technically pleading assumption of the risk but comparative negligence, this argument, and the case cited by plaintiff decided before the enactment of Tort Reform II, is inapposite to the instant case and the motion to strike is denied.
LANGENBACH, J.