[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF MARGARET TERESE'S MOTION TO STRIKE
On March 10, 1992, the plaintiffs, Stephen Terese, a minor, and Margaret Terese, his mother, filed a three-count complaint sounding in negligence against the defendant, Louis Conforte. The plaintiffs allege that on April 8, 1990, a car driven by the defendant struck the car driven by Margaret Terese, in which Stephen Terese was a passenger. The plaintiffs seek in the first count damages for the physical injuries, medical expenses and suffering of Stephen Terese; in the second count damages for the cost to Margaret Terese for the care and medical bills of Stephen Terese; and in count three damages for the physical injuries, medical expenses, suffering and impaired earning capacity of Margaret Terese.
The defendant has filed an answer, special defense and "cross claim". The "cross claim" alleges that any injuries and damages suffered by Stephen Terese were caused solely by the negligence of Margaret Terese in various ways and the defendant is seeking "allocation of liability to and contribution pursuant to Section 52-572(h) of the Connecticut General Statutes." Before the court is a motion to strike the "cross claim" filed by the plaintiff Margaret Terese. CT Page 7184
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "In determining whether a motion to strike should be granted, the sole question is whether, if the facts alleged are taken to be true, the allegations provide a cause of action. . . ." County Federal Savings Loan Assn. v. Eastern Associates, 3 Conn. App. 582, 585, 491 A.2d 401 (1985).
The "cross claim" is seeking allocation of liability to and contribution from Margaret Terese toward any award which may enter in this matter. The statutory basis for this claim is alleged to be "52-572(h)" of the Connecticut General Statutes.
There is no 52-572(h) in the Connecticut General Statutes. It is possible that the defendant is referring to 52-572h and it is also possible that he is referring to 52-572h(h). Since the defendant did not bother to either file a memorandum of law, as he is required to do pursuant to 155 of the Practice Book, or appear for oral argument on the motion to strike, the court has no clarification from the defendant. The court will construe the "cross claim" as seeking contribution pursuant to 52-572h(h).
The basis for the motion to strike the defendant's "cross claim" is that no claim for contribution may be brought before the entry of a judgment against the defendant and, therefore, this claim for contribution is premature.
General Statutes 52-572h(h)(1) states that "[a] right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment." Subsection (g)(1) states that the court shall reallocate damages found to be uncollectible "[u]pon motion by the claimant to open the judgment filed, after good faith efforts by claimant to collect from a liable defendant, not later than one year after judgment becomes final. . . ." General Statutes52-572h(g)(1).
In Connecticut, the common law does not permit contribution between joint tortfeasors. Gomeau v. Forrest, 176 Conn. 523,524, 409 A.2d 1006 (1979). However, there are certain exceptions. Id., 525. One exception is General Statutes52-572h (Tort Reform II). Under Tort Reform II, applicable to negligence actions occurring on or after October 1, 1987, "the right of contribution does not exist in the original action. . . ." Rondeau v. Ritenour, 1 Conn. L. Rptr. 413, 414 (March 28, 1990, Spear, J.).
 [T]he right of contribution arises only after:
CT Page 7185
 1. the claimant has gone to final judgment,
 2. the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so,
 3. claimant has moved to open the judgment within one year after it becomes final for purposes of reallocation,
 4. a reallocation is made by the court, and
 5. a defendant is actually required to pay an amount in excess of his share of the original judgment.
Id. See also Vahen v. Dodson, 3 Conn. L. Rptr. 91 (January 14, 1991, Nigro, J.); Gurton v. Board of Education,3 Conn. L. Rptr. 591 (April 19, 1991, Hodgson, J.).
The defendant's "cross claim" for contribution is premature in that there has been no final judgment in this case, and the motion to strike is granted for that reason.
The court notes that the defendant's claim for contribution from Margaret Terese is based on the same allegations of negligence that form the basis for his special defense of contributory negligence. Assuming that evidence will be presented to the court on this issue, it would seem that this evidence will be considered by the trier of fact in determining the proportionate share of damages for which each party is liable pursuant to 52-472h(f).
For the reasons stated above, the motion to strike the "cross claim" is granted.
HADDEN, J. CT Page 7186