[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Richard, Mabel, and Marland Maynard, filed a negligence claim against the defendant, Joseph G. Bartnic, alleging injuries caused by the defendant's negligent operation of a motor vehicle in June of 1989. The defendant filed a motion to implead Michael DiBiagio pursuant to General Statutes52-102a and 52-572h. This motion was granted by Judge Spear. The first count of the third-party complaint filed by the defendant Bartnic alleges active/passive negligence against the third-party defendant, DiBiagio, based upon DiBiagio's alleged CT Page 7622 negligent repair of the defendant's automobile. The second count alleges a claim for contractual indemnification arising out of DiBiagio's alleged breach of contract and of an implied warranty of good workmanship. In the third count of the third-party complaint, the defendant alleges a claim for contribution pursuant to General Statutes 52-572h, Tort Reform II.
The third-party defendant, DiBiagio, has filed a motion to strike the third-party complaint (#123), contending that a tortfeasor is prohibited from seeking contribution and/or indemnity from a joint tortfeasor that is a party to the plaintiff's original action. The plaintiff also filed a motion to strike (#128) the third count of the third-party complaint, contending that it fails to state a valid cause of action for contribution pursuant to General Statutes 52-572h. On February 18, 1992, the undersigned denied the two motions to strike from the bench, and the movants seek to "reargue" (motions #134 and #135). These motions to reargue were granted so the subject could be explored in greater detail.
The starting point is the nature of a motion to strike filed pursuant to Practice Book 152. Its purpose is to challenge the legal sufficiency of a pleading. Mingachos v. CBS, 196 Conn. 91, 108, 491 A.2d 368 (1985). Where the pleading alleges legal conclusions unsupported by facts, the motion to strike must be granted. Mora v. Aetna Life Ins. Co., 13 Conn. App. 208,211, 535 A.2d 390 (1988). In determining a motion to strike the trial court may not look beyond the pleading for facts not alleged therein. Cavallo v. Derby Savings Bank,188 Conn. 281, 285-86, 449 A.2d 986 (1982).
The third-party defendant DiBiagio moves to strike the entire third-party complaint on the ground that the claims for indemnification and contribution are barred between joint tortfeasors who are parties to the same action. The third-party defendant cites Gomeau v. Forrest, 176 Conn. 523, 528,409 A.2d 1006 (1979) and Rondeau v. Rittenour, 5 CSCR 265 (April 23, 1990, Spear J.) to support his motion to strike, but neither case controls the first and second counts of the third-party complaint. Gomeau, supra, 524-28, addressed only whether contribution could be claimed by a joint tortfeasor. Similarly, Rondeau, supra, addressed the viability of a claim for contribution pursuant to General Statutes 52-572(h).
The first and second counts of the third-party complaint, in contrast to the cases cited, allege claims for common law indemnification and contractual indemnification, respectively. These two counts of the third-party complaint sufficiently allege the elements constituting common law indemnification, as CT Page 7623 defined by Kaplan v. Merberg Wrecking Corp., 152 Conn. 405, 416,207 A.2d 732 (1965). The second count alleges a breach of contract and implied warranty to support the claim for contractual indemnification. Thus, the first and second counts of the third-party complaint are legally sufficient and the third-party defendant's motion to strike is denied. See Kovacs v. Kasper, 41 Conn. Sup. 225, 226, 565 A.2d 18 (1989) ("If a motion to strike is directed to the entire complaint, the motion must fail if any of the plaintiff's claims is legally sufficient"). A different result might have ensued if the motion to strike was directed against only the third count.
The plaintiff has also filed a motion to strike the first and third counts of the third party complaint. Because, however, the third-party complaint is not directed against the plaintiff, he is not the proper party to challenge the legal sufficiency of the third party complaint; Hofmiller v. Joseph,18 Conn. Sup. 143, 144, (Super.Ct. 1952); and the motion is not properly before this court.
Therefore, both motions to strike, the plaintiff's and the third-party defendant's, are denied.
So Ordered. Dated at Bridgeport, Connecticut this 13th day of August, 1992.
WILLIAM B. LEWIS, JUDGE