[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSE
The plaintiffs, Thomas and Beverly LaBarbera, filed a four count complaint on October 15, 1991 seeking damages for injuries sustained in a car accident. Counts one and three are against Mary Relyea, Leasing Associates, Inc., and Groundwater Technology, Inc. (hereinafter "defendants"). Count one is brought by Thomas LaBarbera and sounds in negligence, and count three is a derivative claim for loss of consortium brought by Beverly LaBarbera. Counts two and four are against Madeline Pascuzzo. Count two is brought by Thomas LaBarbera and sounds in negligence, and count four is a derivative claim for loss of consortium brought by Beverly LaBarbera
The defendants filed an answer and special defense on January 29, 1992. In their special defense the defendants allege that they are entitled to contribution from Pascuzzo pursuant to General Statutes 52-572h(h). CT Page 10126
The plaintiffs filed a motion to strike the defendants' special defense on June 26, 1992 on the grounds that it is legally insufficient because it is an invalid special defense and because there is no contribution among tortfeasors. The plaintiffs filed an accompanying memorandum of law. No memorandum in opposition was filed.
A motion to strike is a means by which to challenge the sufficiency of a pleading. Practice Book 152; Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985). If facts provable under the allegations would support a claim or: defense, the plaintiffs' motion to strike must fail. Mingachos, supra. Although Practice Book 155 requires a party opposing a motion to strike to file a memorandum in opposition, this requirement is waivable by the court. See Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 578 A.2d 646 (1990); Fitzpatrick v. East Hartford B.P.O. Elks, 3 Conn. L. Rptr. 163, 164 (January 25, 1991, Clark, J.).
"The purpose of a special defense is to plead facts which are consistent with the allegations of the complaint but show, notwithstanding, that the plaintiff has no cause of action. Practice Book 164." Commissioner of Environmental Protection v. National Can Corporation,5 CSCR 173 (March 12, 1990, Corrigan, J.); see also Sidney v. DeVries, 18 Conn. App. 581, 585, 559 A.2d 1153 (1989), aff'd 215 Conn. 350, 575 A.2d 228 (1990).
It is within the court's discretion to consider the plaintiffs' motion on its merits even though the defendants did not file a memorandum in opposition in violation of Practice Book 155.
The plaintiffs argue, in their memorandum that the defendants' special defense is legally insufficient because a claim for contribution does not show that the plaintiff has no cause of action, and because there is no right of contribution among tortfeasors until after final judgment under General Statutes 52-572h(h).
General Statutes 52-527h provides in relevant part:
(c) In a negligence action to recover CT Page 10127 damages resulting from a personal injury, . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share . . . .
 (h)(1) A right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment.
Generally, there is no right of contribution among tortfeasors. Gomeau v. Forrest, 176 Conn. 523,409 A.2d 1006 (1979). The legislature has carved out a limited exception to this rule under Tort Reform II by allowing a tortfeasor to seek contribution from a co-defendant if he was required to pay more than his proportionate share of a judgment. General Statutes 52-572h(h). As set out in the language above, in an action where it is alleged that more than one party proximately caused the plaintiff's injuries, each party is only liable for their proportionate share. In other words, apportionment is automatic, and a co-defendant need only worry about contribution if, after judgment, another co-defendant does not pay his share.
Since there has been no final judgment, the defendants are not entitled to contribution. A claim for contribution, if such a claim were valid, is not an appropriate special defense because the defendants are not asserting that the plaintiffs do not have a cause of action but are merely asserting that if the plaintiffs prevail then Pascuzzo must share the burden of paying the judgment.
The plaintiffs' motion to strike the defendants' special defense is granted.
The Court CT Page 10128 Curran, J.