[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #131
The facts as alleged in the plaintiff's amended complaint are as follows. On October 6, 1987, the defendant, Jerry Philen, was operating a vehicle owned by the defendant, C. H. Nationwide, Inc. Philen drove the vehicle through the intersection or Mill Hill Avenue and Grant Street in Bridgeport, Connecticut, in such a manner so as to cause the traffic light controlling the intersection to turn.
Subsequently, the plaintiff, Leonard Cortigiano ["Cortigiano"], was operating his own vehicle in a northerly direction on Mill Hill Avenue through the intersection with Grant Street when it collided with a vehicle owned by the defendant, Marcos Diaz, and operated by the defendant, Ivette Diaz. As a result of the collision both Cortigiano and the plaintiff, Charles Mustaka, a passenger in the Cortigiano vehicle, sustained injuries.
On April 10, 1989, the plaintiffs filed the instant action against the defendants. On April 9, 1991, the plaintiff's filed an amended four-count complaint.
On October 11, 1990, the defendants, Marcos and Ivette Diaz, filed an answer along with one special defense and a counterclaim for contribution pursuant to General Statutes52-572h as to Leonard Cortigiano. On October 17, 1990, the defendants, Jerry Philen and C H Nationwide, Inc., filed an answer along with one special defense and a counterclaim for CT Page 11790 contribution as to Leonard Cortigiano.
On December 5, 1990, the plaintiff, Leonard Cortigiano, filed a reply to the defendants' special defenses. On the same date, the plaintiff filed an answer to both counterclaims thereby closing the pleadings between the parties.
On September 3, 1992, the plaintiff, Leonard Cortigiano, filed a motion for summary judgment on the defendants' two counterclaims on the ground that any claim for contribution is premature. In support of its motion for summary judgment the plaintiff filed a memorandum of law. As of December 15, 1992, the defendants' have filed no papers in opposition.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 380." (Citation omitted.) Wilson v. New Haven,213 Conn. 277, 279, 567, A.2d 829 (1989). "[A]ny party may move for summary judgment upon any counterclaim . . . as if it were an independent action. Practice Book 379." Cummings 
Lockwood v. Gray, 26 Conn. App. 293, 299, 600 A.2d 1040 (1991).
The function of the trial court in summary judgment proceedings "is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 505, 538 A.2d 1031 (1988). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 722, 781, 595 A.2d 334 (1991). "The test is whether a party would be entitled to a directed verdict on the same facts." Id., quoting Batick v. Seymour, 186 Conn. 632,647, 443 A.2d 471 (1982).
Under Connecticut law, there is no common law right to contribution among joint tortfeasors. Kyrtatas v. Stop Shop Inc. 205 Conn. 694, 697, 535 A.2d 357 (1988); Gomeau v. Forrest, 176 Conn. 523, 524 409 A.2d 1006 (1979). However, "a statutory right to contribution is recognized between joint tortfeasors who are parties to the action and have been required to pay more than their proportionate share." Vahey v. Dodson, 3 Conn. L. Rptr. 73, 74 (December 31, 1990, Nigro J.). CT Page 11791
General Statutes 52-572h provides, in pertinent part,
 [a] right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment.
General Statutes 52-572h (h)(1). Under 52-572h,
 the right to contribution arises after:
 1. the claim has gone to final judgment
 2. the claimant has failed to collect from one or more liable defendants after making good faith efforts to do so,
 3. claimant has moved to open judgment within one year after it became final for purposes of reallocation,
 4. a reallocation is made by the court, and
 5. a defendant is actually required to pay an amount in excess of his share of the original judgment.
Rondeau v. Ritenour, 1 Conn. L. Rptr. 413, 414 (March 28, 1990, Spear, J.). Therefore, "the right to contribution does not exist in the original lawsuit;" Id. but only arises after a final judgment has been rendered. Vahey, supra 74.
Since a final judgment has not yet been rendered in the instant action, the right to contribution has not attached and any claims for such are, as a matter of law, premature. CT Page 11792
The plaintiff's motion for summary judgment as to each defendant's counterclaim is granted without prejudice to a renewal of a claim for contribution at the appropriate time and under the appropriate circumstances.
BALLEN, JUDGE