[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF THIRD PARTY DEFENDANTS KAHAN, KERENSKY AND CAPOSSELA TO STRIKE FIRST AND SECOND COUNT OF THIRD PARTY COMPLAINT
This action arises from a $250,000 line of credit which the plaintiff Bank of South Windsor (hereinafter referred to as the "Bank") extended to one Arnold Peck and his wife, upon which the borrowers have defaulted. The first party complaint in CT Page 3938 this action alleges that the Bank relied on an opinion letter from the first party defendant, law firm Harlow, Adams and Friedman, P.C. (hereinafter referred to as "Harlow"). On June 15, 1992 this court (Hammer, J.) granted Harlow's motion to implead as third party defendants the law firm of Kahan, Kerensky Capossela, P.C. and its predecessor Kahan, Kerensky, Levine, Capossela Breslaw (collectively referred to as "Kahan-Kerensky") who were the original litigation counsel for the Bank in this action. The third party complaint alleges that Kahan-Kerensky acted in a negligent and careless manner relative to their representation of the plaintiff in that:
 a) they failed to develop proper background information relative to Arnold Peck and Roberta Peck and to advise the plaintiff relative thereto;
 b) they failed to conduct a proper investigation of the financial status of Arnold Peck and Roberta Peck;
 c) they failed to disclose to the plaintiff the risk involved in said extension of credit;
 d) they failed to provide the plaintiff with proper legal advice before the line of credit was extended;
The first count of of the third party complaint seeks contribution from the third party defendant and the second count of that complaint seeks an allocation of damages proximately caused by the negligence of the third party defendant.
Kahan-Kerensky has moved to strike these two counts for three reasons. First, Kahan-Kerensky claims that there is no right of contribution between Harlow, first party defendant, and Kahan-Kerensky, third party defendant. Second, Kahan-Kerensky seeks to strike the third party complaint against it on the grounds that it was filed without compliance with a cautionary standard which Kahan-Kerensky urges this court to adopt in cases where any litigant seeks to implead opposing counsel. The third ground for the Motion to Strike is that Kahan-Kerensky was impleaded pursuant to practice book 117 and 52-102a of the Connecticut General Statutes. Those provisions are properly used to implead a party against whom the moving party has a claim of indemnification, Kahan-Kerensky argues, but not proper to implead a third party based on a CT Page 3939 cause of action for contribution or apportionment of damages pursuant to 52-572h of the Connecticut General Statutes.
There is no common law right of contribution among joint tortfeasors in Connecticut. Gomeau v. Forrest, 176 Conn. 523,524, 409 A.2d 1006, 1007 (1979). In actions based on negligence 52-572h of the Connecticut General Statutes creates a limited exception to the common law rule against contribution by providing in subsection 52-572h(g) for a right of contribution only after a judgment has been entered. Rondeau v. Ritenour, 1 Conn. L. Rptr. 413 (1990) (Spear, J.) That statutory right of contribution does not arise until after judgment and after a finding that there are uncollectible amounts. Jaye v. Gluck, 5 Conn. L. Rptr. 327 (1991) (Hurley, J.) Connecticut General Statutes 52-572h(h) provides:
 (h)(1) A right of contribution exists in parties who pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment.
 (2) An action for contribution shall be brought within two years after the party seeking contribution has made the final payment in excess of his proportional share of the claim.
The language of the statute cited above indicates that a right of contribution does not arise until a party pays more than their proportionate share of the judgment. Therefore, asserting a claim for contribution prior to judgment is clearly premature. A number of superior courts have so held. Knapik v. Hanson, 6 Conn. L. Rptr. 392 (1992) (Cofield, J.); Rondeau v. Ritenour, supra; Jaye v. Gluck, supra; Figuiredo v. Purity Supreme, 5 Conn. L. Rptr. 317 (1992) (Schaller, J.); Downs v. Torres, 4 Conn. L. Rptr. 635 (1991) (Hennessey, J.); Gurton v. Board of Education, 6 C. S.C. R. No. 19, 450 (1991) (Hodgson, J.); Frederick v. Genreal Equities,3 Conn. L. Rptr. 340 (1991) (Allen, J.); Vahey v. Dodson,3 Conn. L. Rptr. 91 (1991) (Nigro, J.).
Based on the foregoing the first count of the third party CT Page 3940 complaint fails to allege a cause of action and is hereby stricken.
Section 52-102 of the Connecticut General Statutes provides:
 Upon motion made by any party . . . to a civil action, the person named in the party's motion . . . shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein. . .
Connecticut General Statutes 52-572h(c) provides:
 In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable non economic damages except as provided in subsection (g) of this section.
A number of decisions in this court have held that impleading a party pursuant to 52-102 is the proper method for a defendant to assure that he is held liable for no more than his proportionate share of the plaintiff's damages under52-572h(c). Howard v. Capellan, 2 Conn. L. Rptr. 68 (1990) (Maloney, J.); Napik v. Hanson, supra; Blanchette v. Pennington, 6 Conn. L. Rptr. No. 12, 358 (1992) (Austin, J.); Snipes v. Fischer, 4 Conn. L. Rptr. 320 (1991) (Wagner, Jr.); Deveau v. Buccheri, supra; Young v. Vanconant, 4 C.S.C.R 314 (1989) (Kulawiz, J.)
A complaint seeking apportionment of liability pursuant to Connecticut General Statutes 52-572h(c) must contain allegations of negligence of the third party defendant. Baker v. Franco, 7 Conn. L. Rptr. 622 (1992) (Fuller, J.). The third party defendant Kahan-Kerensky, was impleaded pursuant to Practice Book 117. That provision and its statutory counterpart, 52-102a, are properly used where a third party plaintiff alleges a claim for indemnification against the third party defendant. However, the allegations of the second count CT Page 3941 of the third party complaint against Kahan-Kerensky allege specific claims of negligence and state a cause of action for apportionment of liability under 52-572h of the Connecticut General Statutes. The rules of practice are designed to facilitate business and advance justice and are to be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice. Practice Book 6. The fact that the motion to implead Kahan-Kerensky was brought pursuant to the wrong Practice Book section should not serve as a basis for a Motion to Strike the second count of the complaint.
Kahan-Kerensky argues that impleading the law firm representing the opposing party in a litigation is a potentially abusive tactic which can cause enormous adverse economic impact on a party to an action. Kahan-Kerensky claims that the order of impleader in this case forced the Bank to hire new counsel. Kahan-Kerensky, its original counsel, was forced to withdraw from representation of the plaintiff. Kahan-Kerensky urges the court to adopt a cautionary pleading requirement, requiring any litigant, as a prerequisite to impleading opposing counsel, to file a verified particularized third party complaint, together with a memorandum of law demonstrating that particularized allegations of the verified third party complaint establish a bona fide claim for liability.
The impleading of opposing counsel is a practice which has the potential for enormous abuse when it is used as a tactic to cause the opposing party the additional expense of hiring new counsel, rather than to assert a well founded claim. For that reason this court believes the motion to implead the counsel for an opposing party should not be granted absent verified particularized allegations which establish a bona fide claim for liability. Unfortunately, neither the statutes nor the Rules of Practice as they presently exist require such a prerequisite to impleading of opposing counsel. Only the Legislature or the Rules Committee of the Superior Court may adopt such a requirement. This court declines to strike the second count of the complaint based on its failure to comply with a requirement which, unfortunately, does not yet exist.
By The Court Aurigemma, J. CT Page 3942