[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 159) CT Page 7202
The instant action arises out of a multi-vehicle accident which occurred on October 31, 1987. On said date, the plaintiff, Frederick Stevens, was operating a vehicle owned by the plaintiff, Jane Stevens, a passenger in the vehicle, in a southerly direction on Georgetown Road in Weston, Connecticut, when a Brittany Spaniel dog owned by the defendants, John Paulus and Carol Paulus [the "Pauluses"], ran in front of the plaintiffs' vehicle and was struck. The plaintiff, Frederick Stevens, then pulled the vehicle over to the right side of the roadway, got out of the car, and went to aid the dog. Thereafter, the plaintiffs' vehicle was struck in the rear by a vehicle owned and operated by the defendant, Sara Froebel ["Froebel"].
As a result of the accident, the plaintiffs filed a two count complaint against the defendants, the Pauluses and Froebel, Thereafter, the plaintiffs filed a number of amended complaints and finally filed a third amended three-count complaint on July 3, 1990. The first count alleges a claim for negligence and loss of consortium as to the Pauluses. The second count is a claim for negligence per se and loss of consortium as to the Pauluses, and the third count alleges a negligence and loss of consortium cause of action as to Froebel.
On August 29, 1990, the defendant, Froebel, filed an answer and special defense to the third amended complaint. On October 24, 1990, the Pauluses filed an answer and special defenses to the third amended complaint. On December 17, 1990, the plaintiffs filed a motion to strike the Pauluses' first special defense seeking set-offs for collateral source payments and contribution on the ground to allegations of collateral source payments are not a proper special defense and any claim for contribution is premature. The court granted the plaintiffs' motion to strike on January 7, 1991.
Thereafter, the Pauluses filed a second answer and special defense on January 10, 1991. On May 31, 1991, the Pauluses filed an amended answer, special defense and counterclaim.
On July 8, 1991, the plaintiffs filed a motion to strike the Pauluses' counterclaim along with a memorandum of law in support thereof. On September 20, 1991, the Pauluses filed a CT Page 7203 memorandum in opposition to the plaintiffs' motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). A motion to strike is properly used to contest the legal sufficiency of the allegations of any counterclaim. Practice Book 152(1); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos, supra, 108. "In deciding upon a motion to strike. . . . a trial court must take the facts to be those alleged in the complaint; . . .and `cannot be aided by the assumption of any facts not therein alleged."' Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990).
The court must construe the counterclaim "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991), citing Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988). Where the facts provable under the allegation of the counterclaim would not support a cause of action, the motion to strike must be granted. Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989).
The plaintiffs move to strike the counterclaim on the grounds that (1) the counterclaim is barred by the statute of limitations; (2) contribution is not allowed between joint tortfeasors; (3) the counterclaim for contribution is premature; and (4) neither plaintiff is a party against whom recovery is allowed under 52-572h.
The plaintiffs move to strike the defendants' counterclaim on the ground that it is barred by the applicable statute of limitations. Generally, the statute of limitations may not be raised by a motion to strike but must be specially pled. Travelers Indemnity Co. v. Robin, 209 Conn. 437, 446,551 A.2d 1220 (1988); Forbes v. Ballaro, 31 Conn. App. 235, 239, ___ A.2d ___ (1993); Practice Book 164. However, a motion to strike is the proper procedural vehicle in two limited situations. Forbes, supra, 239. CT Page 7204
 The first is when "the parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations and that, therefore, it is proper to raise that question by a motion to strike instead of by answer." . . .The second is where "a statute gives a right of action which did not exist at common law, and fixes the time within which the right must be enforced, the time fixed is a limitation or condition attached to the right — it is a limitation of the liability itself as created and not of the remedy alone. . . ."
(citations omitted.) Id., 239-240. The parties have not agreed upon the pertinent facts, and therefore, the first exception is not applicable. Further, although 52-572h(h) created the defendants' right to contribution, the two year statute of limitations contained in 52-572h(h)[1] is not a limit on the liability itself but rather is a limitation on the remedy.
Furthermore, even if it was proper to raise the statute of limitations in the instant action, 52-572h(h) provides, in pertinent part, that "[a]n action for contribution shall be brought within two years after the party seeking contribution has made the final payment in excess of his proportionate share of the claim." General Statutes52-572h(h)(2). The defendants have not "made the final payment in excess of [their] proportionate share." General Statutes52-572h(h)(2). Thus, the defendants' claim for contribution is not barred by the statute of limitations, and the motion to strike on this ground is denied.
The plaintiff moves to strike the Pauluses' counterclaim on the grounds that contribution does not exist between joint tortfeasors, any claim for contribution is premature and neither plaintiff is a party against whom recovery is allowed. Under Connecticut law, there is no common law right to contribution among joint tortfeasors. Kyrtatas v. Stop 
Shop, Inc., 205 Conn. 694, 697, 535 A.2d 357 (1988); Gomeau v. Forrest, 176 Conn. 523, 524, 409 A.2d 1006 (1979). However, "a statutory right to contribution is recognized between joint tortfeasors who are parties to the action and have been required to pay more than their proportionate share." Vahey v. Dodson, 3 CT Page 7205 Conn. L. Rptr. 73, 74 (December 31, 1990, Nigro, J.)
General Statutes 52-572h provides, in pertinent part:
 [a] right of contribution exists in parties who, pursuant to subsection (g) of this section are required to pay more than their proportionate share of such judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such party in excess of such party's proportionate share of such judgment.
General Statutes 52-572h(h)(1). Under 52-572h, the right to contribution arises only after:
1. the claim has gone to final judgment,
 2. The claimant has failed to collect from one or more liable defendants after making good faith efforts to do so,
 3. claimant has moved to open judgment within one year after it became final for purposes of reallocation,
4. a reallocation is made by the court, and
 5. a defendant is actually required to pay an amount in excess of his share of the original judgment.
Rondeau v. Ritenour, 1 Conn. L. Rptr. 413, 414 (March 28, 1990 Spear, J.). Therefore, "the right to contribution does not exist in the original lawsuit;" Id.; but only arises after a final judgment has been rendered. Vahey, supra, 74; see also Aponte v. Johnson, 7 CTLR 364, 366 (September 18, 1992, Rush, J.) (contribution exists only in post judgment proceedings), citing Knapik v. Hanson, 6 CTLR 392 (June 8, 1992, Cofield, J.). Since a final judgment has not yet been rendered in the instant action, the right to contribution has not attached and any claims for such are premature.
Furthermore, 52-572h provides, in pertinent part, that "[a] right of contribution exists in parties who, pursuant CT Page 7206 to subsection (g) of this section are required to pay more than their proportionate share of [a] judgment." General Statutes52-572h(h)(1). Thus, any party who is required to pay more than his proportionate share may assert a right of contribution against those parties whose proportionate share was reallocated to the party seeking contribution.
General Statutes 52-572(g) provides, in relevant part, that "after good faith efforts by the claimant to collect from a liable defendant, the court shall determine whether all or part of a defendant's proportionate share of the recoverable. . .damages is uncollectible from the party, and shall reallocate such uncollectible amount among the other defendants . . . ." (Emphasis added.) General Statutes52-572h(g)(1). Only a liable defendant's proportionate share may be reallocated along the other defendants. Therefore, defendant's right of contribution only exists as to other defendants whose proportionate share has been reallocated. Thus, the plaintiffs are not parties against whom recovery is allowed under 52-572h.
For the foregoing reasons, the plaintiffs' motion to strike the defendants' counterclaim is granted.
SANDRA VILARDI LEHENY, JUDGE