[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION OF THE THIRD PARTY DEFENDANT TOSTRIKE THIRD PARTY COMPLAINT
The third party defendant moved to strike the third party complaint filed against it. The motion filed December 9, 1996 sought to strike the third count, seeking contribution, and to strike the fourth count seeing indemnity.
The third count of the complaint seeks "contribution from the third party defendant for their proportionate share of same." (¶ 15). "Same" refers to damages. This third party complaint was dated June 7, 1996, served June 11, 1996 and filed in court June 19, 1996, pursuant to a motion for permission to implead third parties, granted by this court, Hammer, J. on June 10, 1996.
Thereafter the original plaintiff, on September 10, 1996 filed a request to amend her complaint to assert her claim for damages in negligence against the impleaded defendant North Central Mental Health Inc. and filed an amended complaint. This court, Hammer, J. denied this third party's objection to the original plaintiff's request to amend, by decision of October 7, 1996.
Therefore, as the matter now stands this third party defendant is a party to this action in the same fashion as if it had been an original defendant. Its liability, if any, will be apportioned by virtue of the provisions of General Statutes §52-572h, (c), (d) and (f).
 I The motion to strike the third count claiming "contribution".
At common law there is no contribution allowed between joint tortfeasors Gomeau v. Forrest, 176 Conn. 523, 524 (1979). Hence a direct action for contribution amongst co-defendant tortfeasors is not permitted at common law. "Apportionment", a direct division of the damages between joint tortfeasors for a limited amount as to each defendant, exists solely by virtue of General Statutes § 52-572h(c). The liability of a defendant is specifically limited to ". . . only for his proportionate share of the recoverable economic damages and recoverable non-economic CT Page 3883 damages, except as provided in subsection (g) of this section" General Statutes § 52-572h(c). Subsection (c) provides for a "re-allocation" of economic (not non-economic) damages amongst paying defendants and grants to the paying defendant who post judgment has to pay a portion of the judgment of another defendant a right to then bring an action for "contribution" as against the non-paying defendant. General Statutes § 52-572h(g)(h).
"Apportionment" of liability takes place at the time of judgment. ". . . each party against whom recovery is allowed shall be liable to the claimant only for his proportionateshare . . ." General Statutes § 52-572h(c). This is contrasted to common law "contribution", allowed in non-tort actions, whereby each of the obligors is jointly and severally liable for the entire debt, (for example the co-makers of a promissory note), but where equitably the obligation is to be shared amongst joint obligors. Succinctly, at common law there is no contribution amongst joint tortfeasors.
General Statutes § 52-102b has further altered the common law to apportion damages amongst persons who were not originally parties by allowing persons to be impleaded as a "defendant for apportionment". The original defendant is not however, given a direct action for "contribution" against the impleaded party. He is merely given the opportunity to reduce his debt by virtue of an apportioned judgment. A right is given to the plaintiff to assert a claim against the impleaded defendant, so as to preclude "apportionment" as being nothing more than debt reduction under the guise of "apportionment".
There is no question, in the instant case, but that the defendant did not serve the third party defendant with an "Apportionment complaint" within the requisite 120 days from the return date. See General Statutes § 52-102b.(A). The return date was December 19, 1995. The third party complaint was served June 11, 1996 hence the defendant cannot claim apportionment. The third party complaint, third count, paragraph 15, therefore requests "contribution from third party defendant for their proportionate share of same."
The defendant's brief, February 12, 1997 states "in the present case the defendant third party plaintiff is not seeking apportionment of NCCHMS's liability to the plaintiff, but rather to determine NCCHMS's liability to the defendant third party plaintiff Superior Ambulance." Properly, the defendant is not CT Page 3884 seeking apportionment against the third party defendant, as a claim for such apportionment may be asserted by the defendant only under the auspices of General Statutes § 52-102b.
The defendant is therefore left with a claim that it is entitled to "contribution" from the third party defendant. The case of Malerba v. Cessna Aircraft Co., 210 Conn. 189 (1989) does not serve the defendant's purposes. That was a product liability action, under General Statutes § 52-572o. In product liability action the judgment against each defendant is joint and several for the entire amount of the judgment, regardless of the percentage of fault of the respective defendants. "The court . . . shall enter judgment against the parties liable on the basis of the common law joint and several liability of joint tortfeasors." General Statutes § 52-572o(d).
In product liability action the right to contribution exists because the defendant who pays the; entire judgment is paying his own obligation under the joint and several judgment. In negligence actions the paying defendant, by being required to pay a supplementary amount, is paying the judgment of another, not his own limited judgment. In essence, the post judgment procedures under the negligence statute, § 52-572h(g) and (h) cause the paying defendant to be a statutory conditional guarantor for the judgment against another person, from which he is then entitled to full indemnity. (General Statutes §52-572h(h)). ". . . indemnity involves a claim for reimbursement in full from one or when a primary liability is claimed to rest while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." Malerba v. CessnaAircraft Co., supra, p. 195.
The third count of the complaint sets forth no theory to support a claim that the third party defendant is or may be liable to the defendant at the time of judgment. There is no contribution allowed between joint tortfeasors. One tortfeasor is simply not liable to another tortfeasor for "contribution". Any such liability for contribution does not arise out of the relationship of joint tortfeasors. Any such cause of action arises only post judgment, under a separate set of circumstances involving post judgment debtors and only to the limited extent and under the limited circumstances permitted by general statutes § 52-572h(g) and (h). Any such potential cause of action has not yet accrued. CT Page 3885
The court further notes that, in distinguishing between product liability claims and negligence actions, that the existence of a right of indemnity in negligence actions does not convert such claims into claims for contribution. See Kyrtatas v.Stop Shop Inc., 205 Conn. 694, 702 (1988). Hence the existence of a potential right of indemnity, as pleaded in the fourth count of the complaint, does not support the defendant's claim for a right of contribution under the third count. See also General Statutes § 52-572(j).
Finally, the remedy sought by the defendant in the third count of the third party complaint, realistically apportionment, may from a practical standpoint be already applicable as the original plaintiff has amended the complaint to assert a direct claim against the third party defendant, thereby invoking the automatic apportionment provisions of General Statutes § 52-572h.
The defendant has not pleaded such facts as are necessary to set forth a cause of action for contribution against the third party defendant. The motion to strike the third count of the third party complaint is granted.
As to the fourth count of the third party complaint, seeking common law indemnity, the third party defendant has withdrawn the motion to strike that count (see supplemental memorandum February 18, 1988), and properly so. See Skuzinski v. Bouchard Fuels Inc.,240 Conn. 694 (1997). Consequently the motion to strike the fourth count of the third party complaint is denied.
L. Paul Sullivan, J.